Commonwealth *v.* Leslie, Appellant.

Argued November 23, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Arnold Sousa,* for appellant.

*John Deutsch,* First Assistant District Attorney, with him *George Kerestes,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967:

On January 31, 1964, a two story summer cottage, located in Penn Forest Township, Carbon County, burned to the ground. Corporal Komosinsky, of the Pennsylvania State Police, stationed at Hazleton, having been assigned special duty as assistant deputy fire marshal, Troop N, investigated the fire. (At the time Corporal Komosinsky conducted this investigation, he had held the post of assistant deputy fire marshal for approximately one year, and had handled a total of 35 to 45 investigations.) On the day of the fire, Corporal Komosinsky was on another investigation and was not able to investigate this fire until the following day, February 1, 1964.

Corporal Komosinsky related that he found a mass rubble of charred remains at the building, and that nothing on the premises indicated that the fire was caused deliberately; however, that "I couldn't find any way where the building could have gone spontaneously and in my investigation I felt it was other than an accidental fire, and I pursued it further." His investigation was temporarily halted while Corporal Komosinsky went to Hershey for a one week course of in-service training; however, upon his return, the minor defendant, Leslie, was in prison, and because his description was similar to the description of a person seen near the area of the fire, Corporal Komosinsky went to the prison to interview the minor defendant.

After interviewing Leslie, he obtained a statement from him[1] and, after obtaining this statement, again visited the scene of the fire where he thoroughly examined the debris again for any evidence to indicate that the fire had been deliberately caused, and again failed to find any evidence to establish this.

On April 2, 1964, an arson charge was filed against the defendant and a trial was held on January 14th and 15th, 1965. Four witnesses appeared for the Commonwealth: Corporal Komosinsky, Harold Turner, the owner of the premises which had been burned, Martin Schoch, and Captolia Sayuk, the latter two having testified that they saw the defendant going toward the cabin before the fire started; however, only Mr. Schoch claims to have seen him returning at about the time of the fire.[2]

The only direct evidence of the guilt of the defendant, Leslie, was his confession. The Commonwealth, through Corporal Komosinsky, attempted to establish the corpus delicti and have the confession properly authenticated and to get it into the record. On the basis of this confession, and the testimony of the aforementioned witnesses, the court below allowed the case to go to the jury, which found the minor defendant guilty.

On January 19, 1965, the minor defendant filed a motion in arrest of judgment and/or a new trial, raising in issue the questions of whether there was sufficient opinion evidence to establish a corpus delicti; whether the confession was voluntary and therefore properly admitted into evidence; whether he, the defendant, was properly afforded an opportunity to ob-

---

[1] It should be noted that the defendant, Leslie, had, on a previous occasion, confessed to crimes, said confessions being proved false after further investigation by the police.

[2] The burned cottage was located approximately 1 mile from where the homes of the two witnesses were located and from which they observed the defendant as he passed by.

tain counsel; and if he was advised of his rights to remain silent before he confessed. The lower court refused to grant defendant's motion and sentenced him to a term of 9 to 18 months. Defendant then appealed to the Superior Court, said appeal being heard by six Judges, and they, being equally divided in opinion, affirmed the order of the court below. We subsequently granted allocatur.

As we said in *Com. v. Nasuti*, 385 Pa. 436, 123 A. 2d 435 (1956): "For a conviction in an arson case, three facts must be established: (1) that there was a fire; (2) that it was of incendiary origin; (3) that the defendant was the guilty party." We went on to say that the corpus delicti in an arson case ". . . consists of a willful and malicious burning, that is, a fire of incendiary origin. That the corpus delicti can always be proved by circumstantial evidence is unquestionable (footnote omitted)." By its very nature, arson is rarely committed in the presence of others. Ordinarily, it is committed by someone alone and in secret, and the absence of direct evidence is no bar to conviction. *State v. Crosby*, 182 Kan. 677, 324 P. 2d 197 (1958). The opportunity for committing arson may be proven by circumstantial evidence, such as testimony that the accused was seen in close proximity to the building in question at the time of the fire, or a short time prior thereto. *Com. v. Nasuti*, supra.

"Expert testimony is admissible in all cases, civil and criminal alike, when it involves explanations and inferences not within the range of ordinary training, knowledge, intelligence and experience. Certainly laymen could hardly be expected to have knowledge in regard to various types of fires and the difference in the nature, violence and intensity of flames resulting from the burning of inflammable liquids or other materials as contrasted with the burning of a wooden counter or hair upholstery. . . . In short, while in some

arson cases the testimony may not need any supplementation by expert opinion, other such cases clearly justify its admission: 2 Wharton's Criminal Evidence (12th ed.), 341, Sec. 517." *Com. v. Nasuti*, supra; see also *Pozil v. State*, 104 Tex. Crim. 244, 283 S.W. 846 (1926). In the instant case, the testimony of the expert, Corporal Komosinsky, reveals that he had only mere suspicion that the fire was caused by other than accidental or natural causes. The issue, then, presented for our decision is whether or not the Commonwealth has established the corpus delicti as we set out in *Com. v. Nasuti*, supra, that is, that a fire occurred and that it was a fire of incendiary origin.

This does not mean that the Commonwealth is required to primarily and independently establish all elements of the charge, i.e., (1) the occurrence of an injury or loss—in arson, the burning of a building; (2) the criminality of someone as the source of the injury or loss—in an arson case, that the burning was caused by the willful or malicious conduct of someone, that is to say that the fire in question was of incendiary origin, and (3) the accused's identity as the person or one of the persons responsible. To view the term corpus delicti in this light, that is, to expect the Commonwealth to establish all three elements independently of a confession, would be absurd. See Wigmore on Evidence, (3d Edition), §2072; *Com. v. Turza*, 340 Pa. 128, 134, 16 A. 2d 401 (1940). In *Com. v. Turza*, supra, which deals with the issue of corpus delicti in a homicide case, we stated: "The grounds on which the rule rests are the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed; consistent therewith, all that the rule requires is that the first two of the above-mentioned three elements be independently established. Thus, whenever, as here, the

Commonwealth, in a homicide case, has established that the person for whose death the prosecution was instituted is in fact dead and that the death occurred under circumstances indicating that it was criminally caused *by someone,* the rule is satisfied and admissions or confessions of the accused may then always be received as proof of the identity of the guilty agent: Com. v. Gardner, 282 Pa. 458, 462; Com. v. Puglise, 276 Pa. 235, 238." (Emphasis in original) Therefore, in the instant case, the corpus delicti would be established if the Commonwealth were able to show that a burning occurred, and that the burning resulted from the willful or malicious act of someone, i.e., that the fire was of incendiary origin.

From a careful review of the record, it is obvious that the Commonwealth failed to do this. Corporal Komosinsky's examination of the burned building revealed nothing at all to indicate to him that the fire was of incendiary origin, and his view that the fire was other than a natural fire was based only upon his suspicions. Thus, it is obvious that to establish the corpus delicti in the instant case, the Commonwealth relied on the fact that there was a burning, and the confession of the accused defendant, Leslie. This it cannot do. We have recently said, in *Com. v. Burns,* 409 Pa. 619, 626, 187 A. 2d 552 (1963): "The corpus delicti must first be established before extra-judicial confessions or admissions connecting the accused with the crime are admissible into the evidence." See also *Com. v. Deyell,* 399 Pa. 563, 568, 160 A. 2d 448 (1960); *Com. v. Lettrich,* 346 Pa. 497, 31 A. 2d 155 (1943); *Com. v. Gardner,* 282 Pa. 458, 128 A. 87 (1925). As we said in *Com. v. Gardner,* supra: "To avoid the injustice of a conviction where no crime exists, the law has adopted a rule of caution which holds that the corpus delicti must be proven before a conviction can stand. This is emphasized where the state's case de-

pends on a confession by the defendant. The fact that a crime has been committed by someone must be shown before a confession will be received: Gray v. Com., 101 Pa. 380; Com. v. Puglise, 276 Pa. 235. . . . The corpus delicti is to be proved like other facts, and it may be shown by circumstantial evidence [citing cases], with the added caution that before a confession is received, it ought to be proved independent of the confession."

Certainly every alleged criminal has the right to expect and require that all of the elements of the offense of which he is accused shall be clearly defined by law and established by legal and competent proof prior to his being convicted, and until this is established by the Commonwealth, he should be able to assert his immunity from punishment for any offense with which he be charged and which the Commonwealth has not thus defined and proved. In the instant case, the Commonwealth has failed to sustain its burden as required to establish the corpus delicti of the crime of arson. It will not be necessary for us, therefore, to consider the other allegations by the defendant in this case.

The order of the Superior Court is reversed, and the judgment of sentence of the Court of Quarter Sessions of the Peace of Carbon County at No. 38 April Sessions, 1964, is reversed.