616 A.2d 14

**COMMONWEALTH of Pennsylvania**

v.

**Kim L. McMULLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Nov. 6, 1992.

132

Charles J. Kroboth, Jr., Bellefonte, for appellant.

Robert B. Stewart, III, Asst. Dist. Atty., Huntingdon, for Com., appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

On December 8, 1990, appellant, Kim Lee McMullen, was found guilty of second degree murder[1] and burglary[2] and was immediately sentenced on the murder conviction to mandatory life imprisonment. Appellant's post-trial motions were denied and on December 31, 1991 he was sentenced to eleven (11) months to five (5) years imprisonment on the burglary conviction. McMullen filed separate appeals from the December 8, 1990 and December 31, 1991 judgments of sentence and, sua sponte, this Court consolidated the matters for purposes of this appeal by Order dated March 18, 1992. The facts pertinent to this appeal follow.

During the early morning hours of February 24, 1985 a food store known as the Grocery Box was burglarized. The perpetrator of the crime was not caught. Eight days later, on March 4, 1985, the body of Dominic Barcelona, a 30–year old man who suffered from schizophrenia, was recovered from Black Log Creek, not far from the Grocery Box. Barcelona's death was ruled an accidental drowning. More than five years

1. 18 Pa.C.S. § 2502(b).
2. *Id.,* § 3502.

later, in January of 1991, upon hearing rumors the burglary and drowning were somehow related, the Pennsylvania State Police reopened both investigations. Appellant, who at the time the investigations were reopened was incarcerated on unrelated charges, gave a statement averring he and another man, Adam Wiser, burglarized the Grocery Box and, upon fleeing the scene, encountered Barcelona on a nearby bridge. Appellant stated he heard a noise, turned, saw Barcelona lying on the ground and then watched as Wiser threw Barcelona into the creek. Appellant was then charged, via two separate informations, with burglary and criminal homicide. A jury found him guilty on both counts, he was sentenced and this appeal followed.

Appellant presents six issues for our consideration, beginning with the contention the court erred by failing to quash or dismiss, on the basis of a defective information, the charge of criminal homicide. The information filed relative to Barcelona's death charged appellant with violating 18 Pa.C.S. 2501, Criminal homicide, and averred appellant did "unlawfully, intentionally, knowingly, recklessly or negligently cause the death of another human being." Appellant argues the Commonwealth's failure to specifically charge him with degree(s) of murder and/or grade(s) of manslaughter, as opposed to the general charge of criminal homicide, constituted reversible error. In the alternative, appellant submits the mere recitation of the language of the criminal homicide statute, without more, did not provide him with sufficient notice of the crime against which he must defend.

A criminal information must inform the defendant of the crime with which he is charged and must be read in a common sense manner. *Commonwealth v. Badman*, 398 Pa.Super. 315, 580 A.2d 1367 (1990). An information will be regarded as sufficient in law provided it serves to notify the accused of the charges filed against him. *Commonwealth v. Williams*, 323 Pa.Super. 512, 470 A.2d 1376 (1984). "[T]he several types of homicide, namely, murder of any of the three named degrees and voluntary and involuntary manslaughter are constituent subsidiary offenses within the single major

offense [of criminal homicide.]" *Commonwealth v. Polimeni,* 474 Pa. 430, 378 A.2d 1189 (1977). In *Badman, supra,* the court found the language did "kill or take part in the killing" of the victim was sufficient to put the defendant on notice of the crime with which he was charged. *Id.* at 324, 580 A.2d at 1371. Contrary to appellant's contention, we find *Badman* lends support to the trial court's finding the information adequately advised appellant of the crime with which he was charged. See *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 475 A.2d 744 (1984) (informations are sufficient where crimes charged are substantially in the language of the statute). We find the information alleging criminal homicide clearly notified appellant he was being charged with the death of Barcelona and advised him of the crimes which he was compelled to defend.

 Next, appellant argues the court erred by consolidating for trial the burglary and homicide charges. Appellant avers the Commonwealth failed to follow the procedural requirements for consolidation as set forth in Pa.R.Crim.P. 1127, Joinder–Trial of Separate Indictments or Informations, and also did not meet the substantive requirements for consolidation.

The Commonwealth concedes it failed to file a written motion for consolidation in compliance with Pa.R.Crim.P. 1127B, but argues that procedural defect cannot be the basis for a new trial since, substantively, joinder was mandated. We agree.

This Court has found the absence of a pretrial motion to consolidate does not preclude joinder provided the court has reasoned, in its discretion, all charges arose from the same criminal episode. See *Commonwealth v. Griffin,* 310 Pa.Super. 39, 456 A.2d 171 (1983). Although appellant opposed joinder as part of his omnibus pretrial motion, the court found the crimes were inextricably entwined and we have been presented with no evidence to disturb the trial court's ruling.

 Appellant next argues because there was no indication Barcelona's death was anything other than an accident, the

Commonwealth failed to establish a corpus delicti and the court erred by admitting appellant's inculpatory statements into evidence. Although appellant agrees it is the law in this state in order to establish the corpus delicti necessary to levy criminal homicide charges the Commonwealth must present independent evidence consistent with homicide, appellant contends corpus delicti will be found only if the circumstances surrounding the death are *more* consistent with a homicide than an accident or other unlawful cause and cites *Commonwealth v. Byrd,* 490 Pa. 544, 417 A.2d 173 (1980), in support of this argument. Appellant argues the Commonwealth's failure to establish Barcelona's death was more likely than not a homicide precludes the admission into evidence of his statement admitting involvement in Barcelona's untimely demise.

In ruling appellant's inculpatory statement admissible the trial court followed *Commonwealth v. Boykin,* 450 Pa. 25, 298 A.2d 258 (1972), which held the medical examiner's testimony the decedent died from suffocation, a cause of death consistent with either criminal homicide or accident, was sufficient proof of corpus delicti to permit introduction of defendant's extrajudicial statement. In the matter before us, despite appellee's argument independent corroborative evidence of corpus delicti is insufficient if the evidence is merely equally consistent with noncriminal acts as criminal acts, the trial court reasoned because *Boykin* had not been expressly overruled it remained the black letter law of this state. We disagree.

Prior to *Boykin,* independent corroborative evidence was insufficient to establish corpus delicti if it was merely equally as consistent with accident as with crime. *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967). Despite the Supreme Court's obvious change of heart expressed in *Boykin* in 1980 the Supreme Court reverted to its posture set forth in *Leslie. Byrd, supra.* In *Byrd, supra,* when presented with an argument the defendant's inculpatory statement was erroneously admitted into evidence on the ground the corpus delicti for neither crime with which appellant had been charged had been established, the *Byrd* Court cited *Leslie* for its holding evidence equally consistent with a crime as a noncrime was

insufficient to establish corpus delicti. As recently as 1991 the Honorable Justin Johnson of this Court relied on *Byrd* when reversing a conviction for the unlawful use of lights while hunting, where the only evidence, blood in the truck and a deer hair, failed to establish, more likely than not, the animal was killed by illegal as opposed to legal, i.e. roadkill, means. *Commonwealth v. Forman*, 404 Pa.Super. 376, 590 A.2d 1282 (1991). We find although not expressly overruled, the corpus delicti principle adopted by the *Boykin* Court as it pertains to the issue before us has been impliedly overruled by subsequent caselaw.

■ The coroner in this case ruled Barcelona's cause of death was drowning. Although an autopsy revealed the decedent had a large bruise and laceration on his forehead, it is reasonable to conclude this injury could have been sustained accidentally or, as the Commonwealth avers, by criminal means. There is no convincing evidence to indicate Barcelona's unfortunate death was *more* consistent with a homicide than with an accident. See *Byrd* and *Forman, supra.* Accordingly, we find the court erred by admitting appellant's statement into evidence. We hereby vacate the convictions and judgments of sentence and remand for a new trial in accordance with this Opinion.[3]

Jurisdiction relinquished.

---

**3.** In view of our disposition of this appeal, we need not address appellant's remaining arguments.