663 A.2d 699

**COMMONWEALTH of Pennsylvania**

v.

**Phillip J. PERSICHINI, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1995.

Filed May 2, 1995.

Reargument Denied July 13, 1995.

112

114

Gregory A. Henry, Bradford, for appellant.

Charles J. Duke, Asst. Dist. Atty., Bradford, for Com., appellee (submitted).

Before CAVANAUGH, CIRILLO and SAYLOR, JJ.

CIRILLO, Judge.

Phillip J. Persichini, Jr., appeals from a judgment of sentence entered in the Court of Common Pleas of McKean County. We affirm.

Appellant Persichini was charged with failure to control or report dangerous fires, 18 Pa.C.S.A. § 3301(e)(2),[1] following an investigation into the fire which occurred on Persichini's property on February 12, 1992. In a jury trial presided over by the Honorable J. Quint Salmon, Persichini was convicted of failure to control or report a dangerous fire pursuant to Section 3301(e)(2) and was sentenced to a term of six months to twenty-three months imprisonment. Persichini's post-sentence motions were denied and he raises five issues for review on appeal:

(1) Did the trial court correctly charge the jury about the corpus delicti rule and its proper application to 18 Pa.C.S.A. § 3301(e)(2)?

(2) Did the Commonwealth prove the corpus delicti of 18 Pa.C.S.A. § 3301(e)(2) beyond a reasonable doubt independent of the Appellant's statements and admissions?

---

1. The relevant portion of the statute provides:

(e) **Failure to control or report dangerous fires.**—A person who knows that a fire is endangering the life or property of another and fails to take reasonable measures to put out or control the fire, when he can do so without substantial risk to himself, or to give a prompt fire alarm, commits a misdemeanor in the first degree if:

(2) the fire was started, albeit lawfully, by him or with his assent, or on property in his custody or control.

18 Pa.C.S.A. § 3301.

(3) Did the trial court err by proscribing the Appellant from using a 5′ by 5′ sign during cross-examination, by proscribing the introduction of the sign into evidence, by proscribing the Appellant's use of the sign during closing argument, and by proscribing the Appellant from arguing to the jury that the Appellant's conduct did not satisfy all statutory elements of the offense charged?

(4) Whether it was improper for the trial court to admonish Appellant's counsel, within the hearing of the jury, for seeking to place, on the record, an objection to the trial court's jury charge?

(5) Did the trial court properly correct the Commonwealth's representation during closing argument that the Appellant's closing argument pertaining to the corpus delicti was incorrect?

Initially, we note that, at trial, counsel for the respective parties stipulated that Persichini, at the times here involved, owned the real estate located at 87 and 89 Main Street, in Bradford, Pennsylvania, which is the property damaged by the fire. Also, it was stipulated that the cause of the fire is undetermined.

Persichini contends that the trial court improperly charged the jury concerning the corpus delicti rule and its proper application to 18 Pa.C.S.A. § 3301(e)(2). Specifically, Persichini submits that the trial court's corpus delicti jury charge was both "infirm on its face [and] inadequate" because the court instructed the jury that the corpus delicti may be deemed proven where less than all the elements of the crime alleged are proven beyond a reasonable doubt independent of Persichini's admissions.[2] Persichini argues, throughout the span of his brief, that each and every element of the crime must be

---

2. Testimony of fire investigators revealed that, during investigatory interviews concerning the fire, Persichini initially denied being in his building on the night of the fire just before 8:00 p.m. when it is estimated that the fire began. The fire investigators also testified that, during a subsequent interview, Persichini admitted being in his building and exiting the building as witnesses testified. Also, Persichini admitted seeing the fire at the rear of the second floor and that he was frightened.

proved independent of a defendant's admissions and beyond a reasonable doubt before the admissions may be considered by the jury. Persichini's assertion of the law is incorrect.

The well established corpus delicti rule provides that "a criminal conviction may not stand merely on the out of court confession of one accused, and thus a case may not go to the fact finder where independent evidence does not suggest that a crime has occurred." *Commonwealth v. Byrd*, 490 Pa. 544, 556, 417 A.2d 173, 179 (1980); *Commonwealth v. Buck*, 426 Pa.Super. 26, 28–29, 626 A.2d 176, 177 (1993); *Commonwealth v. Forman*, 404 Pa.Super. 376, 379, 590 A.2d 1282, 1284 (1991). This rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements. *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401, 404 (1940); *Buck*, 426 Pa.Super. at 29, 626 A.2d at 177; *Forman*, 404 Pa.Super. at 380, 590 A.2d at 1284; *Commonwealth v. Sestina*, 376 Pa.Super. 441, 449, 546 A.2d 109, 113 (1988), *appeal denied*, 520 Pa. 616, 554 A.2d 508 (1989).

The corpus delicti consists of two elements: the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury. *Commonwealth v. Ware*, 459 Pa. 334, 365, 329 A.2d 258, 274 (1974) (citing 7 Wigmore, Evidence § 2072 at 401 (3d ed. 1940)); *Commonwealth v. Hogans*, 400 Pa.Super. 606, 609, 584 A.2d 347, 349 (1990) (quoting Packel & Poulin, *Pennsylvania Evidence* (1987), § 424 Corpus Delicti, pp. 280–281); *Forman*, 404 Pa.Super. at 381, 590 A.2d at 1284; *Summ Pa Jur 2d*, Criminal Law § 1:3. The identity of the party responsible for the act is not part of the corpus delicti. *Commonwealth v. Tessel*, 347 Pa.Super. 37, 500 A.2d 144 (1985).

Courts have stated that "[p]roof that the accused was the perpetrator of the crime is not required." ... The crucial determination in applying the corpus delicti rule is whether, at the close of the case, the proof of the corpus delicti was

sufficient to permit the fact finder to consider defendant's admission or confession [citations omitted].[3]

*Hogans,* 400 Pa.Super. at 609, 584 A.2d at 349 (1990) (citing Packel & Poulin, *Pennsylvania Evidence* (1987), § 424 Corpus Delicti, pp. 280–81)).

▮ Importantly, "[b]efore introducing an extra-judicial admission, the Commonwealth is not required to prove the existence of a crime beyond a reasonable doubt." *Commonwealth v. Edwards,* 521 Pa. 134, 144, 555 A.2d 818, 823 (1989) (emphasis added); *see also Byrd,* 490 Pa. at 556, 417 A.2d at 179; *Forman,* 404 Pa.Super. at 381, 590 A.2d at 1285; *Hogans,* 400 Pa.Super. at 610, 584 A.2d at 350. Rather, it is enough for the Commonwealth to prove beyond a reasonable doubt that the injury or loss is consistent with the crime having been committed. *Hogans,* 400 Pa.Super. at 610, 584 A.2d at 350 (citing 27 Standard Pennsylvania Practice 2d § 135:112); *Commonwealth v. Rieland,* 324 Pa.Super. 115, 119–20, 471 A.2d 490, 492 (1984).

▮ "While the burden of establishing the corpus delicti 'is not equivalent to the Commonwealth's ultimate burden of proof [and] the Commonwealth need not prove the existence of a crime beyond a reasonable doubt' in order to introduce an incriminating out-of-court statement, ... the evidence of a corpus delicti is insufficient if it is merely equally consistent with noncriminal acts as with criminal acts." *Forman,* 404 Pa.Super. at 381, 590 A.2d at 1285 (citing *Edwards,* 521 Pa. at 144, 555 A.2d at 823, and *Byrd,* 490 Pa. at 556, 417 A.2d at 179); *see also Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967); *Commonwealth v. McMullen,* 420 Pa.Super. 130, 616 A.2d 14 (1992), *appeal granted,* 535 Pa. 632, 631 A.2d 1005

---

**3.** It is important to note that the corpus delicti rule does require that the jury may not consider a confession or admission as evidence of the defendant's guilt of the crime charged, unless the Commonwealth has produced evidence sufficient to convince the jury beyond a reasonable doubt that the crime charged **was committed by someone.** *Commonwealth v. Fried,* 382 Pa.Super. 156, 555 A.2d 119, *appeal denied,* 522 Pa. 623, 564 A.2d 915 (1989).

(1993).[4] Furthermore, it is axiomatic that corpus delicti may be proved by circumstantial evidence. *Forman,* 404 Pa.Super. at 382, 590 A.2d at 1285; *Hogans,* 400 Pa.Super. at 610, 584 A.2d at 349 (1990); *Commonwealth v. Herman,* 288 Pa.Super. 219, 231, 431 A.2d 1016, 1022 (1981).

 Presently, Persichini argues that the Commonwealth must prove each and every element of a crime beyond a reasonable doubt before a defendant's admissions can be considered by the jury. We reject this interpretation of the corpus delicti principle. "The [corpus delicti] rule does not require that the existence of a crime be proved beyond a reasonable doubt prior to admission of the confession but is satisfied where independent evidence, beyond the statement of the accused, suggests that a crime has occurred." *Buck,* 426 Pa.Super. at 29, 626 A.2d at 177; *Byrd, supra,* at 544, 417 A.2d 173; *Forman, supra,* at 376, 590 A.2d 1282. An extrajudicial admission or confession of one accused of a crime cannot be admitted until the corpus delicti has first been established by independent proof, but **it is not necessary that the Commonwealth preliminarily and independently establish all elements of the charge, since the corpus delicti is not synonymous with the whole of the charge.** *Turza,* 340 Pa. at 134, 16 A.2d at 404; *accord Rieland, supra,* at 115, 471 A.2d 490.

**4.** In *Commonwealth v. Boykin,* 450 Pa. 25, 298 A.2d 258 (1972), the Pennsylvania Supreme Court held that a cause of death consistent with either criminal homicide or accident was sufficient proof of corpus delicti to permit introduction of the defendant's extra-judicial statement. Prior to *Boykin,* however, and as set forth above, independent corroborative evidence was insufficient to establish corpus delicti if it was merely equally as consistent with accident as with crime. *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967). Nevertheless, the Pennsylvania Supreme Court appears to have reverted back to its pre-*Boykin* position.

[The Pennsylvania Supreme Court in *Byrd, supra,* in 1980,] cited *Leslie* for its holding [that] evidence equally consistent with a crime as a noncrime was insufficient to establish corpus delicti. As recently as 1991 the Honorable Justin Johnson of this Court relied on *Byrd* ... [in *Commonwealth v. Forman, supra* ].... We find that although not expressly overruled, the corpus delicti principle adopted by the *Boykin* Court as it pertains to [this issue] has been impliedly overruled by subsequent caselaw.

*Commonwealth v. McMullen,* 420 Pa.Super. 130, 135–36, 616 A.2d 14, 17 (1992), *appeal granted,* 535 Pa. 632, 631 A.2d 1005 (1993).

In addition, if we were to accept Persichini's interpretation of the corpus delicti rule in this case, it would render his admission superfluous and unnecessary because all elements of the crime have already been proven thereby establishing the defendant's guilt beyond a reasonable doubt.[5] This holding is supported by the Pennsylvania Supreme Court's analysis of corpus delicti in *Byrd, supra,* at 544, 417 A.2d 173.

> [A] case may not go to the fact finder where independent evidence does not suggest that a crime has occurred. Nevertheless, as our cases establish, **this threshold requirement is not equivalent to the Commonwealth's ultimate burden of proof.** Although independent corroborative evidence is insufficient if it is merely equally as consistent with accident as crime, the prosecution has no duty to exclude the possibility of accident in order to establish the corpus delicti.

*Byrd,* 490 Pa. at 556, 417 A.2d at 179 (citations omitted) (emphasis added).

■ We conclude that the trial court was not required to instruct the jury as Persichini suggests in this appeal. Also, when a defendant claims that the trial court erred in the charge to the jury, the appellate court must examine the charge in its entirety against the background of the evidence to determine whether or not error was, in fact, committed and whether that error was prejudicial to the defendant. *Commonwealth v. Woodward,* 483 Pa. 1, 4, 394 A.2d 508, 510 (1978). After a review of the record, we are satisfied that the trial court correctly charged the jury regarding the corpus delicti rule and its proper application to Section 3301(e)(2).

5. We recognize that cases may arise where a defendant's admissions would not be superfluous or unnecessary despite the fact that all elements of the crime have already been proven. For example, a defendant's admission would not be superfluous in cases where the identity of the defendant must still be established. In such cases the defendant's admission would establish his identity as the perpetrator of the proven crime. This type of situation is not present in the instant case, however, as Persichini's identity has been established through eyewitness testimony and, therefore, is not dependent upon his admission.

 Persichini next argues that he should be acquitted because the Commonwealth failed to prove the corpus delicti. More specifically, Persichini claims that the Commonwealth failed to prove each element of the crime beyond a reasonable doubt independent of his admissions. As discussed, we reject Persichini's articulation of the requirements of the corpus delicti rule. Moreover, an analysis of the facts in this case establish that the Commonwealth did prove the corpus delicti, thereby enabling them to subsequently present Persichini's admissions to the jury.

To establish the corpus delicti in this case, the Commonwealth presented the testimony of two women who stated that, around 8:00 p.m. on February 12, 1992, they smelled smoke as they walked on Main Street in Bradford past the buildings owned by Persichini. The women also testified that they then noticed Persichini exit the building from a second floor doorway, act nervously, cross the street and drive away in his truck. The two women further testified that, at approximately 8:07 p.m., they witnessed smoke pouring out of the second floor of the building. The women also testified that they noticed a man standing at a fire alarm box, who was not Persichini, who told them that he had pulled the fire alarm. Finally, the women testified that they then went a short distance to a club to notify friends who called the police and that after the call was made, they observed that the building was on fire and that the sky was "really orange."

The Commonwealth also presented the testimony of firemen who stated that three alarms for the fire were received at approximately five or ten minutes after 8:00 p.m. and that none of the alarms came from Persichini, who is personally known to the individuals who received the notices of the fire. Also, firemen testified that when they arrived at the scene minutes after receiving notice of the fire, the building was engulfed in flames.

In addition, fire investigators testified that, although several buildings were damaged or destroyed by the fire, the fire apparently started on the second floor of the defendant's building. Fire Chief Frank Frontino testified that, in his

opinion, the fire had been burning approximately fifteen to thirty minutes by the time he had arrived at the scene a short time after receiving a call just after 8:15 p.m.

In addition to this testimony, it was stipulated that the fire occurred in buildings owned by Persichini and that the cause of the fire is undetermined. This evidence shows that, at the time Persichini left the second floor of his building at approximately 8:00 p.m. on February 12, 1992, Persichini knew that a fire, on the second floor of a building that was within his custody or control, was endangering the life or property of another and that he failed to either take reasonable measures to put out the fire or give a prompt fire alarm. *See* 18 Pa.C.S.A. § 3301(e)(2). This is especially true in view of the nervous manner in which Persichini exited the building and the closeness in time between his departure and the building being engulfed in flames. In view of this evidence, we are satisfied that the Commonwealth proved that the corpus delicti existed and that Persichini's acts were more consistent with a crime having occurred than with noncriminal acts, thus enabling the Commonwealth to present Persichini's admissions to the jury.[6]

 Persichini also claims that the trial court improperly prevented him from using a 5′ by 5′ sign during cross-examination and closing argument, and from introducing the sign into evidence. Initially, we note that appellate review of a trial court's determination of admissibility of evidence is narrowly defined. The admissibility of evidence is a matter committed to the sound discretion of the trial court, and absent an abuse of that discretion, a trial court's rulings on admissibility will not be overturned on appeal. *Commonwealth v. Wharton*, 530 Pa. 127, 607 A.2d 710 (1992); *accord Commonwealth v. Kunkle*, 424 Pa.Super. 499, 623 A.2d 336, *appeal denied*, 536 Pa. 621, 637 A.2d 281 (1993).

6. Without question, the fire in Persichini's building endangered the life or property of another. First, Persichini's building was next to other buildings which, together, made up a row of buildings. Second, many firefighters were called to extinguish this fire and, as a result, their lives were endangered.

The five foot square sign which Persichini wished to use at trial contained the wording of 18 Pa.C.S.A. § 3301(e) in its entirety, thereby including not only section (e)(2), but section (e)(1) as well. In order to determine whether the trial court improperly excluded Persichini's use of the sign at trial, we must ascertain whether the sign would have been relevant to the issues in this case.

The Pennsylvania Supreme Court has held that relevant evidence is that evidence which "tends to prove or disprove some material fact or tends to make a fact at issue more or less probable." *Commonwealth v. McGowan*, 535 Pa. 292, 295, 635 A.2d 113, 115 (1993) (citations omitted). Furthermore, visual aids may be used to assist the jury in understanding evidence in appropriate cases, and permission to do so is within the sound discretion of the trial judge. *Commonwealth v. Pelzer*, 531 Pa. 235, 612 A.2d 407 (1992). Since Persichini was charged with section (e)(2) of the statute, and not section (e)(1), we find that use of the sign was not relevant to what the jury needed to consider concerning Persichini's guilt as to section (e)(2). *McGowan, supra*, at 292, 635 A.2d 113. Additionally, even if the sign was relevant, it does not follow that the sign would necessarily be properly admitted because the trial court may exercise its discretion to exclude evidence that, although relevant, may confuse, mislead, or prejudice the jury. *Commonwealth v. Stark*, 363 Pa.Super. 356, 372, 526 A.2d 383, 392 (1987), *appeal denied*, 517 Pa. 622, 538 A.2d 876 (1988) (quoting *Commonwealth v. Lumpkins*, 324 Pa.Super. 8, 15, 471 A.2d 96, 100 (1984)). Since the sign contained section (e)(1) of the statute with which Persichini was not charged, the sign would only have served to confuse or mislead the jury. Thus, the trial court did not abuse its discretion in preventing Persichini from admitting the sign. *Wharton, supra*, at 530 Pa. 127, 607 A.2d 710; *Pelzer, supra*, at 235, 612 A.2d 407.

Persichini also contends that, by proscribing the use of the sign, the trial court erroneously prevented him from arguing to the jury that his conduct did not satisfy all statutory elements of the offense charged. That is, Persichini claims

that he was erroneously proscribed from asserting that the Commonwealth failed to prove that the fire was started by a person. This argument is incorrect for two reasons. First, since the sign was not relevant, and would have only tended to confuse the jury, we reject Persichini's argument that by being prohibited from using the sign he was prevented from arguing to the jury that the Commonwealth failed to prove all elements of the offense charged.

Second, and most important, Persichini most certainly was permitted by the trial court to argue to the jury during closing argument that the Commonwealth failed to prove all elements of the offense, including the argument that they failed to prove that the fire was started by a person. Several times during his closing argument, Persichini's attorney stated to the jury that "you may not consider the defendant's admissions as evidence of his guilt of the crime charged unless and until the Commonwealth has produced evidence sufficient to convince you beyond a reasonable doubt that the crime charged was committed *by someone*." [7] Persichini repeated this argument to the jury no less than four times throughout his closing presentation, while instructing the jury to "apply the statute." Consequently, Persichini's argument that, under the wording of the statute, his guilt would be improper due to the Commonwealth's failure to ·prove that the fire was started by someone was undoubtedly made to the jury.[8] The jury was free to accept or reject such a defense.

7. Although the prosecution did object at one point during defense counsel's closing argument, the trial court implicitly overruled the Commonwealth's objection and defense counsel was permitted to continue as the court plainly stated "[a]ll right we will let you [Persichini] proceed."

8. Additionally, we fail to see the merit to Persichini's argument as the statute simply states that the fire was started "albeit lawfully ... on property in his custody or control" and does not expressly require that the fire was started by "someone." We do not understand how the term "albeit lawfully" must be interpreted as requiring the involvement of human agency. Indeed, the fire may have started through an electrical short-circuiting or spontaneous combustion. We interpret the term "albeit lawfully" to mean "even though the fire may have started lawfully." Thus, the persuasiveness of Persichini's argument that the Commonwealth had to prove that the fire must have been

█ Persichini's next argument is that the trial court improperly admonished his counsel, within the hearing of the jury, for seeking to place an objection on the record to the trial court's jury charge. Persichini claims that he was prejudiced by the court's remark and that the jury was improperly influenced by the trial judge. Persichini contends that this remark, therefore, resulted in the rendition of an impartial verdict, thereby depriving him of a fair trial. This argument is without merit as the record clearly reveals that the trial judge's instructions were made at sidebar discussion, outside the hearing of the jury. Also, the trial judge did not "admonish" counsel, rather, he instructed counsel that all counsel needed to do concerning his objections to the jury charges was to make his exception and then address his concerns to the Superior Court later if need be. The trial court concluded its comment by noting that it didn't object to what counsel was doing.

█ Finally, Persichini maintains that the Commonwealth, in its closing argument, improperly stated to the jury that defense counsel's statement of the law was incorrect. The record reveals that, in his closing argument, the prosecutor said, "I don't believe what he told you the law was is correct. . . . The Judge is going to give you the law. I suggest you listen to the Judge."

█ The law of this Commonwealth is clear that a prosecutor "may argue all reasonable inferences that may be derived from the evidence." *Commonwealth v. McNair*, 529

started by "someone" or "by a person" is questionable at best. In fact, the parties stipulated at trial that the cause of the fire is undetermined.

Also, evidence proving corpus delicti must be sufficient to convince a jury beyond a reasonable doubt that the crime charged was committed by someone. *Fried, supra; Rieland,* 324 Pa.Super. at 119, 471 A.2d at 492. It does not follow in this case, however, that the fire was started "by someone" as Persichini contends. Persichini is not charged with the crime of starting a fire. Therefore, the Commonwealth does not have to prove that the fire was started by someone. Rather, Persichini is charged with the crime of failing to control or report a dangerous fire. Thus, the evidence proving corpus delicti is sufficient in this case if it convinces the jury beyond a reasonable doubt that the crime charged, "failure to control or report dangerous fires," was committed by someone; namely, Persichini. *Fried, supra; Rieland, supra.*

Pa. 368, 375, 603 A.2d 1014, 1018 (1992). The prosecution is given reasonable latitude to fairly present its version of the case to the jury. *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 55, 454 A.2d 937, 958 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). In addition, comments made by the prosecutor must be viewed within the context of defense counsel's conduct, *Commonwealth v. Clayton,* 516 Pa. 263, 285, 532 A.2d 385, 396 (1987), *cert. denied,* 485 U.S. 929, 108 S.Ct. 1098, 99 L.Ed.2d 261 (1988), and a prosecutor is entitled to counter the arguments of defense counsel with comments that may otherwise be improper. *See Commonwealth v. Graham,* 522 Pa. 115, 123 n. 6, 560 A.2d 129, 133 n. 6 (1989).

■ Presently, defense counsel repeatedly referred to what constituted the law during his closing argument. The prosecution's reference to defense counsel's characterization of the law was, therefore, appropriate as a response to defense counsel's conduct. *See Zettlemoyer, supra,* at 16, 454 A.2d 937; *Graham, supra,* at 115, 560 A.2d 129. Thus, we find that no harm resulted from the prosecutor's comment. Further, even if harm did result, any harm was cured by the trial court's instructions to the jury that they must not accept the attorneys' statements of what constitutes the law and must rely on the court as the source of the law.

Judgment of sentence affirmed.