737 A.2d 1208

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Phillip J. PERSICHINI, Jr., Appellant.**

Supreme Court of Pennsylvania.

Submitted May 22, 1997.

Decided Sept. 30, 1999.

Gregory A. Henry, Bradford, for Phillip J. Persichini, Jr.

Michelle D. Alfieri, Dist. Atty., for the Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### *ORDER*

PER CURIAM:

The Court being evenly divided, the opinion of the Superior Court is **AFFIRMED**.

Justice SAYLOR did not participate in the consideration or decision of this case.

Justice CASTILLE files an opinion in support of affirmance in which Justice NEWMAN joins and Justice NIGRO concurs in the result.

Chief Justice FLAHERTY files an opinion in support of reversal in which Justices ZAPPALA and CAPPY join.

### *OPINION IN SUPPORT OF AFFIRMANCE*

CASTILLE, Justice.

The issues raised in this appeal are whether the Commonwealth proved beyond a reasonable doubt the corpus delicti for the crime of failing to control or report a dangerous fire [1] and whether the trial court's jury instruction regarding the corpus delicti rule warrants a new trial. For the reasons below, I would affirm appellant's judgment of sentence.

On September 9, 1992, following a jury trial, appellant was convicted of failure to control or report a dangerous fire and for failing to take action after learning of a fire that broke out in a building he owned at 87 and 89 Main Street in the city of Bradford, Pennsylvania. At approximately 8:00 p.m. on February 12, 1992, eyewitnesses Jan McCoy and Tammy Stives smelled smoke as they walked down the street towards appellant's property. They observed appellant, looking "nervous" and "fidgety," exit a doorway which led from the second floor

---

1. 18 Pa.C.S. § 3301(e)(2).

of the building to the street. McCoy and Stives noted that it was 8:02 p.m. Shortly thereafter, they saw smoke coming from appellant's property. At 8:05 p.m., an unidentified man triggered a nearby fire alarm.

Two to three minutes later, firefighters arrived, at which time both smoke and flames were readily visible at the property. They estimated that the fire appeared to have been burning anywhere from fifteen to thirty minutes. Firefighters later determined that the fire originated on the second floor of the building where McCoy and Stives had seen appellant exiting, but, because of the extensive damage which extended to an adjacent property, they were not able to determine the fire's cause.

When Pennsylvania State Police first discussed the fire with appellant, he denied having been in his building on the evening of the fire. Police subsequently learned from further investigation that McCoy and Stives had observed appellant leaving the building just minutes before the fire became visible and, therefore, the officers arranged to interview appellant again. At the second interview, appellant initially reiterated his previous statement—that he had not been at the property on the evening in question. When an officer informed appellant that two eyewitnesses reported having seen him leave the building and get into his car, appellant stated that someone was lying and that his car was in the area only because he had eaten at a nearby restaurant.

When the interviewing officer, in appellant's presence, asked another officer to confirm with the restaurant owner that appellant had been in his establishment at the time of the fire, appellant then admitted that he was the person who had lied and he admitted that he had actually been in the building when the fire started. He further stated that before he left his building, he had seen smoke and/or fire, but that he had left the scene without taking any steps to control or report the fire, and that he had not reported the fire because he was afraid he would be accused of starting it.

Following appellant's conviction of the charges *sub judice,* the trial court denied post-verdict motions and sentenced appellant to six to twenty-three months imprisonment. On appeal, the Superior Court affirmed in a published opinion, finding appellant's claims to be meritless. *Commonwealth v. Persichini,* 444 Pa.Super. 110, 663 A.2d 699 (1995). This Court granted allocatur to review the Superior Court's interpretation of the corpus delicti rule in this matter.

Appellant's first claim is that his incriminating statements to police should not have been admitted as evidence because the Commonwealth did not establish the corpus delicti of his crime beyond a reasonable doubt. *See Commonwealth v. Tallon,* 478 Pa. 468, 475–76, 387 A.2d 77, 81 (1978) ("It is the rule in this Commonwealth that before a jury can consider a defendant's confession, it must be convinced beyond a reasonable doubt that the corpus delicti has been established"). Corpus delicti, "the body of the crime," is defined as "a wrong committed by criminal means, and consisting of the occurrence of a loss or injury, and some person's criminal conduct as the source of that loss or injury." *Commonwealth v. Ware,* 459 Pa. 334, 365, 329 A.2d 258, 274 (1974). In essence, the corpus delicti rule requires that a criminal conviction may not be based upon the extra-judicial inculpatory statements of an accused unless circumstances demonstrating that criminal activity has occurred have first been established by independent evidence beyond a reasonable doubt. The purpose of the rule is to guard against a confession leading to a conviction where no crime has actually occurred. *Commonwealth v. McMullen,* 545 Pa. 361, 368, 681 A.2d 717, 720 (1996).

In *Commonwealth v. Reyes,* 545 Pa. 374, 681 A.2d 724 (1996), *cert. denied,* 520 U.S. 1174, 117 S.Ct. 1445, 137 L.Ed.2d 551 (1997), this Court recently reexamined the corpus delicti rule to determine whether a different level of proof exists for the *introduction* of an accused's statement than for *consideration* of the statement by the finder of fact. With respect to the Commonwealth's burden of proof for "introducing" a statement, this Court held:

Before introducing an extra-judicial admission, the Commonwealth must establish by independent evidence that a crime has in fact been committed; however, the Commonwealth is not required to prove the existence of a crime beyond a reasonable doubt.... The corpus delicti, like other facts, may be shown by circumstantial evidence; it is sufficient if these circumstances are consistent with a crime even though they are also consistent with ... an accident. However, it is insufficient if it is merely as consistent with an accident as with a crime.

*Id.* at 381, 681 A.2d at 727 (citations omitted). *See also Commonwealth v. Byrd,* 490 Pa. 544, 556, 417 A.2d 173, 179 (1980) (same). This Court, however, proceeded to draw a distinction between the level of proof needed in order to *introduce* a statement and the level of proof before the introduced statement can be *considered by the finder of fact* in assessing the defendant's guilt. In sum, this Court held that the two-tiered approach setting forth two standards of proof as enunciated in *Gray v. Commonwealth,* 101 Pa. 380, 386 (1882) was still viable: a statement may be introduced once the Commonwealth establishes by a preponderance of the evidence that a crime has been committed (the corpus delicti) but the finder of fact cannot consider the statement in determining whether *the accused* committed the crime until the Commonwealth has established *beyond a reasonable doubt* that the circumstances surrounding the alleged crime were more consistent with the loss having resulted from criminal activity than from non-criminal activity.

The problem with *Reyes* and the two-tier system of proof is that it creates confusion for the jury as factfinder and is difficult for the trial courts to enforce. One of the problems which arises is the practicality of having the jury, in a single proceeding, make an initial determination about whether the Commonwealth has established beyond a reasonable doubt that a crime has occurred before it, at least theoretically, considers separately the defendant's inculpatory extrajudicial statements as evidence. Although the trial court can instruct the jury how to proceed under these circumstances, the only

way to truly follow *Reyes* and ensure that a jury does not consider a defendant's statements until after determining that the corpus delicti was proven beyond a reasonable doubt is to conduct a bifurcated trial or have two bodies of finders of fact. Under the bifurcated trial, the jury would first hear evidence about the corpus delicti and determine whether a crime occurred beyond a reasonable doubt, and only after reaching this initial verdict would they hear evidence of the defendant's confession as proof that he had committed the crime at issue. *See* Thomas A. Mullen, "Rule Without Reason: Requiring Independent Proof of the Corpus Delicti as a Condition of Admitting an Extrajudicial Confession," 27 U.S.F.L.Rev. 385, 396 (1993). However, this approach would unduly complicate the judicial process and expend limited judicial resources. With respect to the latter solution, such a process would require that the trial court first find that the corpus delicti has been found beyond a reasonable doubt before the statement could be presented to the jury. This procedure, however, would unduly interfere with the jury's role as finder of fact and should not be condoned.

There is no dispute that some independent evidence of the corpus delicti must be offered before the statements are admitted to guard against "the hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." *Commonwealth v. Turza*, 340 Pa. 128, 134, 16 A.2d 401, 404 (1940). However, the current *Reyes* solution—that is, that the corpus delicti be proven beyond a reasonable doubt before considering the extrajudicial statements—has proven to be a problematic minority view, shared only by our sister state Louisiana. *See* Mullen, "Rule Without Reason," 27 U.S.F.L.Rev. at 390 n. 30 (1993) ("Only two states currently require proof beyond a reasonable doubt of the corpus delicti: Louisiana . . . and Pennsylvania"). There is no reason that justifies this undue complication of a two-tiered standard of proof. While states may differ on the level of proof required before a jury can consider the extrajudicial statements, "[i]t is generally held that the evidence other than

the defendant's confession or admission is not required to be such as, independently of the confession or admission, establishes the corpus delicti or the defendant's guilt beyond a reasonable doubt." Corroboration of Extrajudicial Confessions or Admission, 45 A.L.R.2d 1316, *8 (1997).[2]

I am not aware of any other form of evidence which requires that a crime be proven beyond a reasonable doubt before its admission and, accordingly, I believe that the application of the *Reyes* two-tiered approach towards inculpatory statements is no longer warranted. A better course, easier for both the trial court to follow and the jury to understand, is the elimination of the second level of proof by permitting the jury to consider extrajudicial inculpatory statements in reaching its verdict once the trial court concludes that the Commonwealth has introduced prima facie evidence that the crime has occurred. This is the view shared by a number of our sister jurisdictions. *See e.g., State v. Angell,* 122 R.I. 160, 405 A.2d 10 (1979) ("only prima facie proof of corpus delicti must be established prior to the introduction of defendant's admissions on [sic] confessions"); *State v. Curlew,* 459 A.2d 160 (Me.1983) ("The degree of proof of the corpus delicti exclusive of the

---

**2.** *See e.g., Blades v. Commonwealth,* 957 S.W.2d 246, 250 (Ky.1997) ("Although proof beyond a reasonable doubt is necessary to convict of a criminal offense, the proof required ... to corroborate an extrajudicial confession need not be such that, independent of the confession, would establish the corpus delicti or Appellant's guilt beyond a reasonable doubt; and that proof of the corpus delicti ... may be established by considering the confession as well as the corroborating evidence."); *Cotton v. State,* 675 So.2d 308, 313 (Miss.1996) ("corpus delicti need only be proven by a preponderance of the evidence, and the confession may be used to raise the proof beyond a reasonable doubt"); *Doyle v. State,* 112 Nev. 879, 921 P.2d 901, 910 (1996) ("The independent proof may be circumstantial evidence and it need not be beyond a reasonable doubt ... If the independent proof meets this threshold requirement, the accused's admissions may then be considered to strengthen the case on all issues." (citations omitted)); *State v. Marini,* 638 A.2d 507, 515 (R.I.1994) ("The defendant's contention ... that the state must prove the corpus delicti beyond a reasonable doubt prior to introducing the extrajudicial confession ... is erroneous ... Rather, the state may introduce a confession after it introduces some independent evidence of corpus delicti ... After the introduction of such evidence, a confession may be admitted and **considered** as corroborating evidence to establish the requisite corpus delicti beyond a reasonable doubt.") (emphasis added).

defendant's statements need not be beyond a reasonable doubt but resembles the probable cause standard"); *People v. Alcala*, 36 Cal.3d 604, 205 Cal.Rptr. 775, 685 P.2d 1126 (1984) (in bank) ("the corpus delicti of a crime must be proved independent of the accused's extrajudicial admissions . . . A slight or prima facie showing, permitting the reasonable inference that a crime was committed, is sufficient"); *State v. Ray*, 130 Wash.2d 673, 926 P.2d 904 (1996) ("It is sufficient if the independent evidence prima facie establishes the corpus delicti").

Since the Commonwealth is required to establish prima facie evidence of the corpus delicti at the preliminary hearing level, the present two-tiered approach at trial would be eliminated. At trial, the trial judge would still be free to exclude the evidence if he or she determines that a prima facie case for the crime has not been made. Once the statement is properly admitted, the jury's role should stay the same; that is, it will consider all the admissible, relevant evidence and determine whether the Commonwealth has adequately proven all of the elements of the crime beyond a reasonable doubt.

I recognize that reversing *Reyes* would be a departure from this Court's standard of stare decisis.[3] Nevertheless, "the doctrine of stare decisis is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly growth process of the law to flourish." *Ayala v. Philadelphia Bd. of Pub. Ed.*, 453 Pa. 584, 606, 305 A.2d 877, 888 (1973). We should not follow a governing decision that is unworkable. *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991). Moreover, the policy considerations supporting stare decisis are less compelling when the issue involves a question of procedure. *See Hohn v. United States*, 524 U.S. 236, ——, 118 S.Ct. 1969, 1977, 141 L.Ed.2d 242 (1998) ("The role of stare decisis . . . is . . . reduced in the case of a procedural

**3.** "The rule of stare decisis declares that for the sake of certainty, a conclusion reached in one case should be applied to those which follow, if the facts are substantially the same, even though the parties may be different." *Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898, 903 n. 9 (1996).

rule which does not serve as a guide to lawful behavior.") (citations omitted). Accordingly for all of these reasons, I would expressly overrule *Reyes* and the jurisprudence on which it is based.

Nevertheless, at the time of the trial *sub judice,* the Commonwealth was required to prove the corpus delicti beyond a reasonable doubt before the jury could consider the statements. Therefore, in the instant matter, the Commonwealth needed to prove beyond a reasonable doubt that there was sufficient independent evidence to support the jury's determination: (1) that a person knew that a fire was endangering the life or property of another, (2) that the person failed to take reasonable measures to put out or control the fire, when he could have done so without substantial risk to himself, or to give a prompt fire alarm, and (3) that the fire was started by the person or with his assent, or on property in his custody or control rather than by non-criminal activity (e.g., an accidental cause). 18 Pa.C.S. § 3301(e) (Failure to control or report dangerous fires).

Here, the evidence established that the property in which the fire began was in appellant's custody or control,[4] that the fire endangered the life or property of another, that appellant was in the building at a time when smoke could be smelled outside of it, that he nervously exited the building from a doorway which led from the second floor of the building, and that smoke and flames were visible coming from the second floor when firefighters arrived approximately five minutes later. Moreover, firefighters established: (1) that the fire had been burning for at least fifteen minutes before they arrived— a time placing appellant in the building at approximately the time the fire began; and (2) that the fire began on the second floor—an area where appellant had been just before leaving the property. Additionally, reports of the fire to authorities came from persons other than appellant, and appellant's statements denying having been in the building on the evening of

---

4. At trial, the parties stipulated that appellant owned the property in question and that the property of others was endangered as a result of the fire.

the fire indicate consciousness of guilt.[5] This independent circumstantial and direct evidence clearly was sufficient for the jury to find beyond a reasonable doubt that the circumstances of the fire were more consistent with criminal behavior prohibited under § 3301(e) so that appellant's statement could be admitted against him to prove that he committed the crime.[6]

Appellant also challenges the adequacy of the trial court's jury instruction. The court charged the jury on the corpus delicti rule as follows:

Now before you may consider the statement of the defendant you must be satisfied beyond a reasonable doubt by other evidence, first, that the fire did occur; and second, that the property was destroyed in that fire; and three, that the destruction was done in whole or in substantial part due to the failure to give the alarm properly. And if you are satisfied, then you may consider the statements alleged to have been made by the defendant in determining whether he's guilty as charged. In other words, you must disregard the defendant's statement until you are satisfied by other

5. Appellant's statements **denying** any participation in the crime are not inculpatory and therefore are admissible to establish the corpus delicti. Because the purpose of the corpus delicti rule is to guard against a confession leading to a conviction where no crime occurred, the rule attaches to inculpatory statements only. *Commonwealth v. McMullen,* 545 Pa. 361, 681 A.2d 717 (1996). *See also Commonwealth v. Lettrich,* 346 Pa. 497, 31 A.2d 155 (1943) (accused's false statements made for the sake of diverting inquiry or casting off suspicion considered to establish corpus delicti). Once appellant admitted having lied to police and having been at the scene of the crime, his statements became inculpatory.

6. Appellant argues, however, that the Commonwealth produced no evidence of his failure to take reasonable measures to put out or control the fire and accordingly the corpus delicti was not established. Appellant ignores the plain language of § 3301(e), which clearly provides that a person is guilty of that crime if he fails to take reasonable measures to put out or control a fire **or** if he fails to give a prompt fire alarm. Therefore, the Commonwealth was not required to produce sufficient evidence to prove that appellant failed to put out or control the fire **and** that appellant failed to report the fire; rather, because of the disjunctive language of the statute, the Commonwealth was free to proceed using only the latter theory of guilt. Appellant's argument is thus contrary to the plain language of the statute.

evidence in the case that the fire loss did occur and that it was at least in substantial part the result of the failure to report the fire promptly. [T]he other evidence that we refer to does not need to rule out all possibility of the cause of the fire being improper or illegal. It is enough if you are satisfied that circumstances proved or [were] more consistent with loss having resulted from the crime that had been committed by failure to report the fire properly.

N.T. 9/9/92, 172.

Appellant contends that this charge was deficient in two respects. First, he argues that the instruction failed to adequately define the corpus delicti of § 3301(e) by failing to instruct the jury that it must be satisfied that the destruction of property was due to his failure to take reasonable measures to put out or control the fire. As discussed above, however, it is not necessary for the Commonwealth to prove that particular element of the crime in order to prove the corpus delicti, so long as the evidence does prove that appellant failed to give a prompt fire alarm. *See* note 5, *supra.* I therefore conclude that this claim is meritless.

Second, appellant challenges the trial court's charge to the jury that before the jury can consider appellant's confession, it must be satisfied beyond a reasonable doubt by evidence other than appellant's confession "that circumstances proved or [were] more consistent with loss having resulted from the crime that had been committed by failure to report the fire properly." Appellant argues that the words "more consistent" are at conflict with the Commonwealth's required burden of proof at the time of trial—the reasonable doubt standard. *See Commonwealth v. Fried,* 327 Pa.Super. 234, 475 A.2d 773 (1984) (reversible error occurred where trial court varyingly instructed jury that, before it could consider the defendant's admissions, it had to find the corpus delicti beyond a reasonable doubt, and that it had to be satisfied that circumstances were more consistent with crime than natural causes), *appeal after remand,* 382 Pa.Super. 156, 555 A.2d 119, *allocatur denied,* 522 Pa. 623, 564 A.2d 915 (1989).

A review of the record reveals that at trial and in post-verdict motions, appellant raised a challenge to the jury charge on the corpus delicti rule only on the basis that it failed to refer to reasonable measures to put out or control the fire. At no time did appellant suggest that the charge erroneously defined the applicable burden of proof. By failing to timely lodge a challenge to the Court's jury charge, appellant deprived the trial court of the opportunity to correct its allegedly incorrect instruction. This claim is therefore waived. *See* Pa. R.A.P. 302; Pa. R.Crim. P. 1119(b); *Commonwealth v. Edmondson*, 553 Pa. 160, 718 A.2d 751 (1998) (claim that trial court gave an erroneous jury instruction is waived where the defendant fails to make a timely objection so that trial court is given the opportunity to correct alleged mistake).

For the foregoing reasons, I would affirm the order of the Superior Court.

Justice NEWMAN joins this Opinion in Support of Affirmance and Justice NIGRO concurs in the result.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Chief Justice.

I dissent. The majority, without sufficient reason, would overrule well established precedent in Pennsylvania that before a jury may consider the extra-judicial statement of a defendant, the corpus dilecti of crime must be established beyond a reasonable doubt. *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724 (1996). This rule is as viable today as it ever was, and the policy underpinning the rule is sound, i.e., to guard against the "hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed." *Commonwealth v. Turza*, 340 Pa. 128, 16 A.2d 401, 404 (1940). The *Reyes* rule should not be abandoned.

Apart from the issue of whether *Reyes* should be abandoned in future cases, the majority is correct that *Reyes* applies to this case, but is plainly wrong in its application of *Reyes* to the facts of this case. The majority sets out what the Common-

wealth was required to prove beyond a reasonable doubt, under *Reyes,* before the jury could consider the defendant's extra-judicial statements. It must have proven:

> (1) that a person knew that a fire was endangering the life or property of another, (2) that the person failed to take reasonable measures to put out or control the fire, when he could have done so without substantial risk to himself, or to give a prompt fire alarm, and (3) *that the fire was started by the person or with his assent or on property in his custody or control rather than by non-criminal activity (e.g., an accidental cause).* 18 Pa.C.S. § 3301(e) (Failure to control or report dangerous fires).

Maj. Op. at 1212–13 (Emphasis added). Since the majority itself states that "because of the extensive damage which extended to an adjacent property, [firefighters] were not able to determine the fire's cause," Maj. Op. at 1209, it is difficult to see how the Commonwealth could be said to have proved beyond a reasonable doubt that the fire was started by the defendant or with his assent rather than by non-criminal activity. And absent proof of this element beyond a reasonable doubt, the extra-judicial statement was not to be considered by the jury. Since the jury apparently considered the extra-judicial statement, I would reverse the conviction.[1]

Justices ZAPPALA and CAPPY join this opinion.

---

**1.** I note that *Reyes* was decided by a unanimous court, including Mr. Justice Castille.