J-S02028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FERNANDO LUIS RIVERA | : | |
| | : | |
| Appellant | : | No. 2468 EDA 2017 |

Appeal from the Order July 6, 2017
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004257-2004

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 27, 2018**

Appellant Fernando Luis Rivera appeals *pro se* from the order denying his petition for writ of *habeas corpus*.  Appellant claims that his conviction is void because he was not formally charged with third-degree murder.  We conclude that Appellant's petition should have been filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and affirm the order denying relief.[1]

In 2004, Appellant was charged with two counts of criminal homicide, two counts of robbery, one count of possessing an instrument of crime, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We may affirm the decision of the trial court on any basis.  **See Commonwealth v. Beck**, 848 A.2d 987, 991 n.8 (Pa. Super. 2004).

one count of criminal conspiracy.[2]  On May 27, 2008, the trial court granted the Commonwealth's motion for leave to amend the information to include the full last name of one of the victims and to change the criminal homicide charges to third-degree murder.[3]  ***See*** Docket at 28.  That same day, Appellant, who was represented by counsel, entered a negotiated guilty plea to two counts of third-degree murder.  ***See*** N.T., 5/27/08, at 2, 18, 20-21. Pursuant to the plea agreement, the trial court sentenced Appellant to two consecutive terms of twenty to forty years' incarceration.

On February 1, 2011, Appellant filed a first PCRA petition.  The PCRA court denied Appellant's PCRA petition on August 10, 2011, and this Court affirmed on December 28, 2012. ***See Commonwealth v. Rivera***, 2495 EDA 2011 (Pa. Super. filed Dec. 28, 2012) (unpublished memorandum).

On May 8, 2017, Appellant filed a *pro se* petition for writ of *habeas corpus*, which the court denied due to a "deficient filing."  On June 21, 2017, Appellant filed the instant *pro se* petition for writ of *habeas corpus* claiming that his conviction is void because the criminal information charged him with criminal homicide generally and not third-degree murder.

The court denied Appellant's petition as meritless on July 6, 2017, reasoning:

---

[2] 18 Pa.C.S. §§ 2501, 3701(a)(1)(i), 907(a), and 903(a)(1)(2), respectively.

[3] 18 Pa.C.S § 2502(c).  Specifically the amendment of the information changed the "section, subsection and grading" for counts 1 and 2 to "2502(c) F-1."

> "A criminal information must inform the defendant of the crime with which he is charged and must be read in a common sense manner." *Commonwealth v. McMullen*, 616 A.2d 14, 15-16 (Pa. [Super.] 1992) (citations omitted). An information will be regarded as sufficient in law provided it serves to notify the accused of the charges filed against him. *Id.*, citing *Commonwealth v. Williams*, 470 A.2d 1376 (Pa. Super. 1984). "A criminal information need not specify a degree of murder or the degrees of manslaughter in order to sustain the verdict of . . . murder." *Commonwealth v. Chambers*, 852 A.2d 1197, 1199 (Pa. 2004).

Order, 7/6/17, at 1-2 (emphasis omitted).

Appellant timely appealed to this Court on July 26, 2017. The court did not order Appellant to submit a Pa.R.A.P. 1925(b) statement, but filed a Rule 1925(a) opinion in which it relied on the reasoning it provided in its July 6, 2017 order.

Appellant's sole question on appeal is: "Are Appellant's convictions void as he was never formally charged with the offenses to which he pleaded guilty to?" Appellant's Brief at 4 (full capitalization omitted).

Initially, we consider whether Appellant's petition should be regarded as a petition for writ of *habeas corpus* or under the PCRA. This is a question of law for which our standard of review is *de novo* and our scope of review plenary. *See Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

This Court has explained that the PCRA is intended to be the sole means of achieving post-conviction relief. *See Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013); *see also* 42 Pa.C.S. § 9542. The PCRA "encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*

and *coram nobis*." 42 Pa.C.S. § 9542. While "the common law writ of *habeas corpus* has not been eliminated," a petitioner who wishes to raise an issue that is cognizable under the PCRA must do so in a timely PCRA petition. *Taylor*, 65 A.3d at 466 & n.3.

Appellant asserts that his claims are not cognizable under the PCRA. Appellant's Brief at 1. Appellant claims that the allegedly defective information violated his due process rights to notice of the specific charges and an opportunity to be heard. *Id.* at 8. He also claims that the trial court lacked the authority to amend the information or accept his plea to uncharged offenses. *Id.* at 6.

A claim concerning a defect in the criminal information implicates the truth-determining process. *See Chambers*, 852 A.2d at 1199 (affirming the denial of an appellant's PCRA petition claiming that he was not specifically charged with second-degree murder because the criminal information charged him with criminal homicide generally under 18 Pa.C.S. § 2501). A claim that a court lacked the authority to accept a guilty plea to uncharged offenses is cognizable under 42 Pa.C.S. § 9543(a)(2)(viii).

Therefore, Appellant's claims fall within the ambit of the PCRA. Consequently, Appellant's petition for a writ of *habeas corpus* must be treated as a PCRA petition, his second.[4] *See Taylor*, 65 A.3d at 466.

---

[4] Because this is Appellant's second PCRA petition, there is no automatic right to counsel for a second PCRA petition. *See Commonwealth v. Haag*, 809 A.2d 271, 293 (Pa. 2002).

- 4 -

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition filed more than one year after the judgment of sentence becomes final is untimely, unless it meets one of the three statutory exceptions to the PCRA time bar. ***See*** 42 Pa.C.S. § 9545. The petitioner bears the burden of pleading and proving an exception to the PCRA time bar. ***Taylor***, 65 A.3d at 468. This Court must review whether a PCRA petition meets the timeliness requirements of the PCRA regardless of the petition's title or the PCRA court's decision to address the merits of the underlying claim. ***See id.*** (providing that where the trial court should have treated a *habeas corpus* petition as a PCRA petition but did not do so, the petitioner still had to meet the PCRA's timeliness requirements).

Instantly, Appellant has not raised any exceptions to the PCRA time bar in his petition or in this appeal. Our own review reveals no basis to conclude that any of the timeliness exceptions to the PCRA time bar would apply. Accordingly, Appellant's petition is untimely, and we are without jurisdiction to review the merits of his claim. ***See id.***[5]

---

[5] Because the PCRA court addressed the merits of Appellant's petition for writ of *habeas corpus*, it did not issue a notice of its intent to dismiss or otherwise afford Appellant an opportunity to amend his petition. ***See*** Pa.R.Crim.P. 905(B), 907(1). However, the absence of a Rule 907 notice does not automatically require relief "where the petition is untimely" and "where the claim is record-based and our review indicates that the issue does not fall within a timeliness exception." ***Taylor***, 65 A.3d at 468.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18

---

[6] Even if Appellant had timely challenged the alleged defect in the information, no relief would be due. As noted by the PCRA court, the criminal information sufficiently put him on notice of the charges to which he later pled guilty. **See Chambers**, 852 A.2d at 1199. Moreover, Appellant's guilty plea constituted waiver of his right to challenge the information. **See Commonwealth v. Jones**, 929 A.2d 205, 212 (Pa. 2007). Lastly, as noted by the Commonwealth, the trial court granted the Commonwealth's motion to amend the information to include two counts of third-degree murder.