J-S50042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY LAMAR CASTAPHNEY, | : | |
| | : | |
| Appellant. | : | No. 400 WDA 2018 |

Appeal from the PCRA Order, March 6, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0009626-1992.

BEFORE: BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED NOVEMBER 13, 2018**

Gregory Lamar Castaphney appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history are as follows: On July 13, 1993, a jury convicted Castaphney of first-degree murder and the trial court sentenced him immediately thereafter to life in prison. Following the denial of post-trial motions, Castaphney filed a timely appeal to this Court. On April 5, 1995, this Court affirmed his judgment of sentence, and on November 28, 1995, our Supreme court denied *allocatur*. **Commonwealth v. Castaphney**, 663 A.2d 245 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 670 A.2d 140 (Pa. 1995). Castaphney did not seek further review.

On February 19, 2002, Castaphney filed a *pro se* PCRA petition and an amended petition on May 9, 2002. The PCRA court appointed counsel. PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Castaphney filed a *pro se* response. On February 26, 2003, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Castaphney's PCRA petition without a hearing, and granted PCRA counsel's motion to withdraw. Castaphney again filed a *pro se* response. By order entered March 25, 2003, the PCRA court dismissed Castapheny's PCRA petition. Castaphney filed an appeal to this Court, we affirmed the denial of post-conviction relief on April 23, 2004, and, on November 24, 2004, our Supreme Court denied *allocatur*. **Commonwealth v. Castaphney**, 852 A.3d 1244 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 863 A.3d 1142 (Pa. 2004).

On November 27, 2017, Castaphney filed the instant *pro se* PCRA petition, his second. On January 9, 2018, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Castaphney's second PCRA petition without a hearing because it was untimely. Castaphney filed a response. By order entered March 6, 2018, the PCRA court dismissed Castaphney's second petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Castaphney raises the following issue on appeal:

> Did the PCRA court err in denying [Castaphney's] PCRA petition to strike the void judgment rendered by the Allegheny Court of Common Pleas for lack of Subject Matter Jurisdiction, where a fatal defect appears in the record?

Castaphney's Brief at 4.

Before addressing this issue, we must first determine whether the PCRA court correctly determined that Castaphney's second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that he meets an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[1] A PCRA petition invoking one of these statutory

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

exceptions must "be filed within 60 days of the date the claims could have been presented." **See Commonwealth v. Hernandez**, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Furgess**, 149 A.3d 90 (Pa. Super. 2016).

Here, because Castaphney did not seek further review following our Supreme Court's denial of *allocatur* on November 28, 1995, his judgment of sentence became final ninety days thereafter, or on February 26, 1996. **See** 42 Pa.C.S.A. § 9543(b)(3). Thus, for purposes of the PCRA's time bar, Castaphney had to file his PCRA petition by February 26, 1997. Castaphney filed his second petition on November 27, 2017. Thus, the petition is untimely, unless Castaphney satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Castaphney has failed to prove any exception to the PCRA's time bar. Instead, he argues that because he was charged with criminal homicide generally, rather than first-degree murder specifically, "a fatal defect appears on the record," and the trial court never possessed subject matter jurisdiction. Castaphney's Brief at 6. Thus, Castaphney claims that his judgment of sentence should be voided despite the passage of over twenty years.

Castaphney cites no PCRA precedent to support his claim.[2] Although a jurisdictional challenge is specifically recognized as a basis for relief under the PCRA pursuant to 42 Pa.C.S.A. section 9543(a)(2) (viii) (specifying that a claim that a conviction resulted from a "proceeding in a tribunal without jurisdiction" is subject to the PCRA), this claim must still be timely filed to get post-conviction relief. Since more than one year has passed since his judgment of sentence became final, in order for the PCRA court to address his second petition, Castaphney was required to plead and prove one or more of the PCRA's time-bar exceptions. Because he has failed to plead, let alone prove, any time-bar exception, the PCRA court properly concluded that Castaphney's second petition was untimely.

_____

[2] To support his claim that challenges to subject matter jurisdiction cannot be waived and may be raised at any time, Castaphney cites to **Commonwealth v. Serrano**, 61 A.3d 279 (Pa. Super. 2013), and other direct appeal cases that resulted in the appellate court vacating a conviction and judgment of sentence. **See** Castaphney's Brief at 10-11. These cases have no application to the collateral review process.

Nevertheless, we note that Castaphney's claim that a "fatal defect appears on the face of the record" is baseless. This Court has held a criminal information charging a defendant with the general charge of criminal homicide is sufficient to inform him of the crime with which he was charged, and that the information was not defective for failing to specifically charge him with the various degrees of murder. **Commonwealth v. McMullen**, 616 A.2d 14, 15-16 (Pa. Super. 1992), *reversed in part on other grounds*, 681 A.2d 717 (Pa. 1996); *see also Commonwealth v. Chambers*, 852 A.2d 1197 (Pa. Super. 2004) (explaining that an information need not specify the degrees of murder in order to sustain a verdict of second-degree murder). Thus, even if timely, Castaphney's challenge to the trial court's subject matter jurisdiction would not entitle him to post-conviction relief.

Here the PCRA court properly concluded that it lacked jurisdiction to consider the merits of Castaphney's untimely PCRA petition. We therefore affirm the PCRA court's order denying his second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2018