**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Michael BARONI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 2002.
Filed March 22, 2002.

James McHugh, Media, for appellant.

A. Sheldon Kovach, Assistant District Attorney, Media, for Commonwealth, appellee.

Before ORIE MELVIN, J., CERCONE, P.J.E., and CAVANAUGH, J.

CAVANAUGH, J.

¶ 1 In 1982, Michael Baroni was convicted of two counts of second degree murder and arson as well as a multitude of related

charges. His direct appeals from his two sentences of life imprisonment ended with the denial of allocatur by the supreme court in October 1985. In 1987, the federal court dismissed a petition on the basis of failure to exhaust state remedies. A subsequent petition, under the P.C.H.A., was denied and that avenue was exhausted with the denial of allocatur in August of 1991.

¶ 2 The instant petition under the P.C.R.A. was initiated in December, 1999. After amended petitions and answers, the court, issued an appropriate notice of intent to dismiss. When this was challenged, the court granted a hearing limited to the issue of jurisdiction. In March of 2001, the court dismissed the petition finding that it was without jurisdiction. We review an appeal from that order.

¶ 3 The reason for the court's dismissal was a conclusion that appellant's petition under the P.C.R.A. was out of time under the one-year requirement provided at 42 Pa.C.S.A. § 9545(b). A review of the recitation of the case history, *supra*, would manifest that this is so—it was fourteen years from the time of the supreme court order on direct appeal to the time of filing the instant petition.

¶ 4 Nevertheless, appellant argues:

> As a result of the fact that the jury's guilty verdict is vitiated and non-existent as a result of the trial court's failure to instruct the jury on the beyond-a-reasonable-doubt standard of proof required by the *corpus delicti* rule, appellant Baroni's petition for post conviction collateral relief is not time-barred by the provisions of 42 Pa.C.S.A. § 9545(b)(1).

¶ 5 The reasoning here is that the jury verdict of October 6, 1982, is a nullity and, accordingly, all subsequent proceedings may be treated as "non existent and void *ab initio* " because of a failure by the court to give a proper charge to the jury concerning burden of proof with respect to the

*corpus delicti* rule. It follows, so reasons appellant, that there can be no judgment or final judgment date so as to provide a start date for the time requirement of one year in § 9545(b). In making this assertion, appellant claims support from *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). In that case, the supreme court set aside a jury verdict on the basis of a defective "reasonable doubt" instruction to the jury. The court rejected a determination by the supreme court of Louisiana that the erroneous instruction was harmless error. The court considered that the Sixth Amendment right to a jury trial requires that guilt must be found by a jury. In turn, the elements of the offense must be proved so as to persuade the factfinders of guilt "beyond a reasonable doubt". A verdict without these components is a non-verdict. The court, in analyzing the harmless error concept, opined that the test is "whether the verdict actually rendered in this trial was surely unattributable to the error". Harmless error analysis is inappropriate, it was reasoned, given the postulate that no true jury verdict could have been reached, "there being no jury verdict of guilty-beyond-a-reasonable-doubt." *Id.* at 280, 113 S.Ct. 2078. The court also supported its reversal on the additional ground that the error in the instruction was "structural," that is, the right to have a jury verdict of guilt beyond a reasonable doubt is on the level of basic protection, the deprivation of which may not be quantitatively measured in terms of harmless error.

¶ 6 We do not subscribe to appellant's *Sullivan*-based argument. The keystone of the present appeal is that there was error in the trial court's charge to the jury. It is argued that the court failed to apply the bi-level burden applicable to the admission and consideration of a statement

under the *corpus delicti* rule as explained in *Commonwealth v. Ahlborn*, 441 Pa.Super. 296, 657 A.2d 518 (1995), *appeal denied*, 547 Pa. 713, 688 A.2d 170 (1997). We assume, without deciding, that there is merit to this claim, however, the omission is not of a magnitude such as would render the instant jury verdict a nullity. Unlike *Sullivan*, instantly there was no harmless error analysis in the hearing court, nor is there any here. Also, the deficiency, if any, at bar is not as to proof of an element of the crime, but as to the level of proof with respect to *corpus delicti*. Since the error, if any, relates to if the jury should consider a piece of the evidence (a statement) and not to how the jury should assess the proof of guilt (elements of the crime), we do not see the error to be of a magnitude which would render the verdict a nullity. Thus, it cannot be said, as in *Sullivan*, that there was no jury verdict of guilty beyond a reasonable doubt. It is instructive that in *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724 (1996), the supreme court in a death penalty case found that there was a misutilization of the two-tiered *corpus delicti* standard, but nevertheless, conducted an analysis of the evidence without the statement and found it sufficient to support the guilty verdict beyond a reasonable doubt. Similarly, and for the same reasons, we refuse to find the charging omission[1] was "structural error"[2].

¶ 7 Finally, the harmless error aspect of *Sullivan* requires that the court engage in a fine-tuned analysis of what may or may not have gone into reaching a guilty ver-

dict. Presently, we are concerned only with the regularity of proceedings as they bear upon the calculation of a statutory date for initiation of proceedings.

¶ 8 We do not find the guilty verdict to be a nullity or non-existent so as to avoid the time requirements of § 9545. This determination leads to appellant's second argument:

Even if appellant Baroni should have filed his petition for post conviction collateral relief within the one year period set forth in 42 Pa.C.S.A. § 9545(b)(1), appellant Baroni's petition for post conviction collateral relief falls within the exception to the one year period set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii), because the facts upon which his claim is predicated were unknown to appellant Baroni and could not have been ascertained by appellant Baroni through the exercise of due diligence.

¶ 9 The argument proceeds that if, as we have decided, the one year time limitation applies, appellant is, nevertheless, excused from the rule since he could not have known "the facts" by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii).[3] Appellant's counsel was, in fact, attentive to preservation of his theory with respect to his client's knowledge of the operative "facts". Counsel (through co-counsel) testified at the instant jurisdictional hearing that, after his retention and discovery of the *corpus delicti* issue, he did not share this information with appellant until November, 1999, and filed the petition in December, 1999, well

---

1. The court did carefully charge the jury on their duty to determine that a crime had been committed before considering the statement. However, it used the terms "you must be satisfied" and "probably" rather than "beyond a reasonable doubt."

2. The "structural error" concept is not commonplace in Pennsylvania jurisprudence. It

is closely allied to the notion of fundamental error.

3. The facts upon which the claim is predicated, were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. (This is one of the three exceptions to the one-year limitation.)

within the 60–day window provided under 42 Pa.C.S.A. § 9545(2). The record bears this sequence out. Indeed, appellant, who was present at the trial court hearing, testified that he never knew of the *corpus delicti* issue until advised by counsel on November 9, 1999. However, we do not agree that appellant's actual knowledge of the obscure rule of law involving the proper charge under *corpus delicti* is "the facts" contemplated by the statute so as to excuse imposition of the one-year limitation. The two-tiered *corpus delicti* rule is not a concrete fact but a rule of law. The rule of law is not new to Pennsylvania. As stated in *Commonwealth v. Ahlborn, supra*, the doctrine has roots in a long line of our cases. *See Gray v. Commonwealth*, 101 Pa. 380 (1882); *Commonwealth v. Lettrich*, 346 Pa. 497, 31 A.2d 155 (1943); *Commonwealth v. May*, 451 Pa. 31, 301 A.2d 368 (1973); *Commonwealth v. Tallon*, 478 Pa. 468, 387 A.2d 77 (1978); *Commonwealth v. Fried*, 382 Pa.Super. 156, 555 A.2d 119 (1989). It is pertinent to note that in *Commonwealth v. Reyes*, 545 Pa. 374, 681 A.2d 724 (1996), the supreme court rejected an argument that the two-tiered approach had been abandoned in Pennsylvania. *Id.* at 728.[4] Viewed as a matter of long standing law in this Commonwealth, the alleged error is more properly cast as a claim of ineffectiveness of prior counsel for failure to raise the issue rather than lack of knowledge of "the facts" by appellant. Of course, if the claim had been presented instantly under the ineffectiveness rubric, it would not have provided a basis for avoidance of the time limitation. *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911 (2000); *Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581 (1999). Appellant's present position is akin to appellant in *Pursell*, where the court concluded "we reject appellant's con-

tention that 'the facts' which form the basis of these claims were not knowable until he was advised of their existence by present counsel." *Pursell*, 749 A.2d at 917.

¶ 10 Appellant's final argument is that his issue has not been previously litigated or waived within the terms of 42 Pa.C.S.A. § 9544. Since we affirm the order which dismissed his petition as time barred, there is no need to discuss this argument.

¶ 11 Order affirmed.

---

**4.** The continued efficacy of the rule in its present form is the source of decisional con-

cern. *See Commonwealth v. Persichini*, 558 Pa. 449, 737 A.2d 1208 (1999).