J-S43011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BENJAMIN VELASQUEZ | |
| Appellant | No. 335 EDA 2013 |

Appeal from the PCRA Order January 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0418641-1974

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 20, 2014**

Appellant, Benjamin Velasquez, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On January 14, 1975, a jury convicted Appellant of first degree murder and related offenses.  The court sentenced Appellant on May 19, 1975, to life imprisonment, which was finally affirmed on June 3, 1977.  On June 1, 2012, Appellant filed *pro se* his sixth/current PCRA petition, which the court dismissed as untimely.[1]  Appellant filed a timely *pro se* notice of

_____

[1] The record indicates the PCRA court did not give Appellant notice of its intent to dismiss the current PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907.  Appellant, however, has not challenged the absence of
*(Footnote Continued Next Page)*

_____

*Former Justice specially assigned to the Superior Court.

appeal on January 22, 2013, and timely filed his court-ordered Pa.R.A.P. 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). Section 9545(b)(1)(ii) requires the petitioner to allege and prove facts unknown to him, which he could not have ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

*(Footnote Continued)* ─────────────

the Rule 907 notice on appeal, which constitutes waiver of that claim. *See Commonwealth v. Boyd*, 923 A.2d 513, 514 n. 1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). Moreover, even if raised, the issue does not automatically warrant remand where the petition is unquestionably untimely. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 917 n. 7 (2000). *See also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (stating same).

- 2 -

Instantly, Appellant's judgment of sentence became final on September 1, 1977, upon expiration of the time to file a petition for writ of *certiorari*. **See** U.S.Sup.Ct. Rule 22, effective July 1, 1970 to June 29, 1980. Appellant filed his sixth/current petition on June 1, 2012, almost thirty-five years after the judgment became final; thus, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke "new facts" under Section 9545(b)(1)(ii) by contending the trial court lacked subject matter jurisdiction due to a defect in the charging documents. Appellant's argument alleges a standing rule of law, not a newly discovered fact. **See** **Commonwealth v. Baroni**, 795 A.2d 1007, 1010 (Pa.Super. 2002) (holding discovery of standing rule of law does not constitute concrete fact for purposes of new-facts exception). Therefore, Section 9545(b)(1)(ii) cannot excuse Appellant's untimely petition. **See id.** Accordingly, the PCRA court properly dismissed Appellant's petition.[2]

Order affirmed.

_____

[2] Appellant alleges he filed a supplemental PCRA petition on November 26, 2012, in which he raised a claim regarding **Martinez v. Ryan**, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Nevertheless, the record does not contain a supplemental petition. Moreover, **Martinez** was filed on March 20, 2012, and Appellant filed his current petition more than 60 days later, on June 1, 2012. Thus, **Martinez** can afford Appellant no relief. **See** **Commonwealth v. Saunders**, 60 A.3d 162 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 72 A.3d 603 (2013) (explaining **Martinez** applies in context of federal *habeas corpus* law and is of no moment to timeliness analysis under PCRA); **Commonwealth v. Brandon**, 51 A.3d 231 (Pa.Super. 2012) (explaining 60-day period runs from date of filing of underlying judicial decision).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/20/2014</u>