J-A15030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY PRATT | |
| Appellant | No. 1824 EDA 2020 |

Appeal from the PCRA Order entered August 26, 2020
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002336-2015,
CP-15-CR-0003331-2014


| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HENRY PRATT | |
| Appellant | No. 1825 EDA 2020 |

Appeal from the PCRA Order entered August 26, 2020
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002336-2015,
CP-15-CR-0003331-2014


BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:  **FILED OCTOBER 5, 2021**

Appellant, Henry Pratt, appeals from the August 26, 2020 orders of the

Court of Common Pleas of Chester County, which denied his requests for

collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

Upon review, we affirm.

The relevant procedural background of the instant appeal can be summarized as follows.[1]

> On November 20, 2015, [Appellant] entered into a negotiated guilty plea [at docket number] CP-15-CR-2336-2015[,] in which he pled guilty to one (1) count of [access device fraud.] At the same time, [Appellant] entered into a negotiated guilty plea to one count of [forgery at docket number] CP-15-CR-3331-2014.
>
> On the same day, [Appellant] was sentenced to the agreed upon sentence of two (2) years of probation on the count of [access device fraud] followed by two (2) years of probation on the count of [forgery].  As the probation sentences were to run consecutive to one another, [Appellant] received an aggregate sentence of four (4) years of probation.  [Appellant] did not file any post-sentence motion or a direct appeal from the judgment of sentence[.]

PCRA Court Opinion, 1/27/21, at 1-2 (footnotes omitted).

On June 11, 2018, Appellant filed his first PCRA petition.  The PCRA court appointed counsel to assist Appellant in the PCRA proceedings.  On August 23, 2018, Appellant *pro se* filed a request for the appointment of new counsel, which the PCRA court denied on September 18, 2018.

On August 27, 2018, court-appointed counsel filed a petition for leave to withdraw as PCRA counsel along with "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth**

---

[1] The factual background is not at issue here.  We have relied on the factual background summary offered by the PCRA court in its January 27, 2021 opinion.  **See** PCRA Court Opinion, 1/27/21, at 5.

*v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant *pro se* filed a response. On September 18, 2018, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant objected. On October 17, 2018, the PCRA court dismissed Appellant's petition as untimely and granted counsel's petition to withdraw.

Appellant timely appealed *pro se* to our Court. Because Appellant failed to comply with Pa.R.A.P. 341 and **Commonwealth v. Walker**, 189 A.3d 969, 977 (Pa. 2018), we quashed the appeal. **See Commonwealth v. Pratt**, No. 3194 EDA 2018, unpublished memorandum at 4 (Pa. Super. filed September 13, 2019). On March 16, 2020, our Supreme Court denied Appellant's petition for allowance of appeal from our decision. **See Commonwealth v. Pratt**, 611 MAL 2019 (Pa. 2020).

On March 26, 2020, Appellant filed a second PCRA petition, which is the subject of the instant appeal. The PCRA court ordered the Commonwealth to respond to Appellant's petition. Upon consideration of Appellant's petition, and the Commonwealth's response thereto, on May 6, 2020, the PCRA court issued its notice of intent to dismiss Appellant's second PCRA petition as untimely, without an evidentiary hearing. On May 22, 2020, Appellant filed a response seeking leave to file a counseled amended petition, which the PCRA court granted on May 28, 2020.

On July 10, 2020, Appellant filed a counseled amendment to his second PCRA petition.[2] The PCRA court directed the Commonwealth to respond to Appellant's amended second PCRA petition. On August 26, 2020, after considering the amended petition and the Commonwealth's response, the PCRA court dismissed Appellant's second PCRA petition and the amendment on multiple grounds, including failure to meet the PCRA's timeliness and eligibility requirements. This appeal followed.

On appeal, Appellant raises two claims:

1. The PCRA Court erroneously ruled that [Appellant]'s petition was untimely, when the petition was filed within one-year of [Appellant]'s discovery that trial counsel's errors were responsible for [Appellant]'s deportation custody and prosecution by immigration authorities. This places [Appellant] squarely within 42 Pa.C.S.A. § 9545(b)(2) as amended to expand the time for filing a petition from 60 days to one year from the date the claim could have been presented.

2. The PCRA Court erroneously ruled that it lacked jurisdiction to rule on [Appellant]'s claim because his initial probationary sentence expired while the PCRA [petition] was pending. [Appellant] is subject to a removal order, and is on conditional supervised release under an order of supervision monitored [by] the Department of Homeland Security, solely as a direct consequence of the criminal convictions[,] which are addressed in the petition. Thus[,] he remains constructively in "custody" as a result of these criminal cases, and instant petitions are properly within the jurisdiction of the PCRA Court.

Appellant's Concise Statement, 10/21/20 (unnumbered).

---

[2] Said petition was framed as a petition for *habeas corpus* relief. The PCRA court treated it as a PCRA petition. Appellant does not challenge the PCRA court's characterization of his petition.

- 4 -

At the outset, before we can address the merits of the appeal, we must address two preliminary matters. First, we must consider whether Appellant complied with the requirements of **Walker**, and second, whether Appellant is eligible for PCRA relief.

Regarding the first matter, Appellant filed two separate notices of appeal, each listing both of his docket numbers related to this appeal, pursuant to Pa.R.A.P. 341 and **Walker**. Because Appellant included both trial court docket numbers on each notice of appeal, this Court issued rules to show cause why his appeals should not be quashed pursuant to **Walker**. Appellant's counsel filed a response stating that he had asked his assistant to prepare the notices but "did not adequately specify that each Notice of Appeal was required to list docket numbers separately." Appellant's Response to Order to Show Cause, 11/24/20, at 1. In addition to filing a response to our order, on the same day, counsel filed amended notices of appeal to comply with Pa.R.A.P. 341 and **Walker**. Our Court referred the **Walker** issue to the merits panel.

In light of our *en banc* decision in **Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), we decline to quash the present appeals. In **Johnson**, we "observe[d] that [Pa.R.A.P.] 341 and **Walker** make no mention of case numbers on a notice of appeal." **Id.** at 1148. Specifically, the *en banc* panel opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal]

contained [more than one trial court docket number] is of no consequence." *Id*. The ***Johnson*** court explicitly overruled the majority decision of a three-judge panel in ***Commonwealth v. Creese***, 216 A.3d 1142 (Pa. Super. 2019), that held a notice of appeal was permitted to contain only one docket number. ***See Johnson***, 236 A.3d at 1148. Because Appellant filed separate notices of appeal at each docket, he has complied with ***Walker***.

Next, we must consider whether Appellant is eligible for relief under the PCRA. To be eligible for relief under the PCRA, a petitioner must be either "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***see also Commonwealth v. Smith***, 17 A.3d 873 (Pa. 2011), and ***Commonwealth v. Matin***, 832 A.2d 1141 (Pa. Super. 2003). As our Supreme Court explained in ***Ahlborn***, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. ***Ahlborn***, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. ***Id.*** To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. ***Id.*** As

a result, courts lose jurisdiction to entertain the matter the moment an appellant's sentence expires. ***See Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based on our review of the record, Appellant does not meet the foregoing eligibility requirements as he completed his sentences prior to the filing of the instant PCRA petition. Indeed,

> it is unassailable that [Appellant] was sentenced on November 20, 2015 to four (4) years['] probation. [Appellant]'s probation has not been violated or extended. Consequently, [Appellant]'s probation expired on or about November 20, 2017 [at docket number CP-15-CR-2336-2015] and on November 13, 2019 [at docket number CP-15-CR-3331-2014], and [Appellant] is no longer serving a sentence for the sentences which are the subject of his PCRA petition. [Appellant] did not file his second PCRA petition until March 26, 2020, which was approximately four (4) months after his probationary sentence expired. Accordingly, [Appellant] is no longer eligible for PCRA relief because the sentence for the challenged conviction is complete. Although [the PCRA court] recognizes [Appellant]'s current immigration status, unfortunately this fact alone does not excuse the untimeliness of his PCRA petition or otherwise confer jurisdiction upon the court.

PCRA Court Opinion, 1/27/21, at 13-14 (footnote, internal citations, and some capitalization omitted).

We agree with the PCRA court's analysis and conclusions. Appellant himself acknowledges that he is not eligible for PCRA relief: "Appellant recognizes that his [first] PCRA petition was untimely filed and that when he filed the instant petition, his sentence had expired. He also recognizes that

these two facts render [A]ppellant ineligible for PCRA relief." Appellant's Brief at 19 (citing in support *Ahlborn*, *supra*, and *Commonwealth v. Robinson*, 139 A.3d 178 (Pa. 2016)).

Elsewhere, however, Appellant argues that he is in fact "serving" a sentence for purposes of the PCRA "because he is under supervision of the Department of Homeland Security" as a result of the expired convictions. Appellant's Brief at 22. Yet, Appellant did not provide any authority (nor could we find any) for his contention that a removal order from the U.S. Department of Homeland Security is in fact part of the sentence imposed by the trial court in 2015.

In light of the foregoing, we conclude that Appellant is not eligible for PCRA relief because he is no longer serving the sentence being challenged here.

Because Appellant is not eligible for PCRA relief, we need not address the merits of Appellant's claims, *i.e.*, that trial counsel was ineffective, that Appellant only learned of this new fact when he consulted an immigration attorney in April 2018, and that the instant petition was filed within a year from the date he discovered the problems with his guilty plea.

In any event, even if Appellant were eligible for relief, Appellant failed to plead and prove that his second PCRA petition was timely under the newly-discovered fact exception set forth in Section 9545(b)(1)(ii). *See* Appellant's Brief at 12-20.

First, regardless of whether the ineffectiveness claim raised here has been "previously litigated" for purposes of the PCRA, **see** Pa.C.S.A. § 9544, Appellant's unawareness of (i) counsel's ineffectiveness or (ii) the import of **Padilla v. Kentucky**, 559 U.S. 356 (2010), are not sufficient to trigger a newly-discovered fact exception under Section 9545(b)(1)(ii).

It is well-established that "counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception." **Commonwealth v. Peterson**, 192 A.3d 1123, 1129 (Pa. 2018) (citing **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000)).

To the extent Appellant argues that the newly-discovered fact consists of him recently becoming aware of **Padilla** we are unaware of any decision or statute that supports the proposition advanced herein by Appellant, *i.e.*, ignorance of law can be invoked as a newly-discovered 'fact' for purposes of subsection 9545(b)(1)(ii). In fact, the opposite is true. **See Commonwealth v. Yohe**, 2019 WL 2246618, at *5 (Pa. Super. May 24, 2019) ("[L]ater-acquired knowledge of a legal principle does not constitute a newly-discovered fact."); **see also Commonwealth v. Baroni**, 795 A.2d 1007, 1009-10 (Pa. Super. 2002) (holding discovery of standing rule of law does not constitute a fact for purposes of the newly-discovered fact exception).

Furthermore, the record belies Appellant's claim that he learned of potential immigration ramifications arising from his guilty plea only in 2018. Indeed, the PCRA court noted:

> [Appellant] include[d] in the Appendix to his PCRA petition, a three (3) page document, which is a Notice to Appear from the Department of Homeland Security. This document is dated July 15, 2016, approximately twenty-seven (27) months prior to [Appellant] filing his first untimely PCRA petition. Accordingly, this document clearly rebuts [Appellant]'s claim that he first learned of the potential consequences of his guilty plea in 2018.

PCRA Opinion, 1/27/21, at 11.

Additionally, we would note that even under Appellant's own recitation of facts, the instant petition was filed more than a year after he allegedly learned of the **Padilla** problem. In fact, Appellant allegedly learned of the immigration issues in April of 2018. The instant petition was filed in March 2020, which is well beyond the one-year time limitation under 42 Pa.C.S.A. § 9545(b)(2).[3]

Finally, although not clearly stated anywhere, Appellant appears to believe that the instant petition, which is—by Appellant's own words—untimely, is somehow an extension of his first untimely PCRA petition making the instant petition timely. Nowhere, however, does Appellant explain how it

---

[3] Section 9545(b)(2) reads: "Any petition invoking an exception provided in [Section 9545(b)(1)] shall be filed within one year of the date the claim could have been presented." Section 9545(b)(2) was amended to enlarge the deadline from sixty days to one year. The amendment applies only to claims arising on or after December 24, 2018. We assume, without deciding, that the latest amended version of Section 9545(b)(2) is applicable here.

could be so, given that the PCRA court denied his first PCRA petition as untimely, the appeal challenging the untimeliness was quashed for failure to comply with **Walker**, and Appellant's petition to the Supreme Court seeking to reverse our quashal was denied. We are unaware of any authority for Appellant's argument, nor does Appellant provide any.

In light of the foregoing, we conclude Appellant is not eligible for PCRA relief. **See Ahlborn**, **supra**; **Turner**, **supra**. Accordingly, we affirm the August 26, 2020, order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/5/2021</u>