J-S26009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALVIN WASHINGTON | |
| Appellant | No. 778 MDA 2020 |

Appeal from the PCRA Order entered May 15, 2020
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0005006-2013

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.: **FILED: OCTOBER 22, 2021**

Appellant, Alvin Washington, appeals *pro se* from the May 15, 2020 order entered in the Court of Common Pleas of Berks County denying his second petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The factual background and procedural history of this case are not at issue. Briefly, on September 28, 2013, Appellant struck victim Lisa Ganns with a machete. Victim suffered a significant knee injury because of this attack. On January 6, 2014, the Commonwealth charged Appellant via an amended criminal information with two counts of attempted murder, two counts of aggravated assault, two counts of simple assault, and one count each of making terroristic threats, recklessly endangering another person, possessing an instrument of crime, and criminal trespassing. On January

20, 2015, Appellant pled guilty to one count of aggravated assault and was immediately sentenced to 9 to 20 years' imprisonment. On direct appeal, we affirmed the judgment of sentence. *See Commonwealth v. Washington*, No. 422 MDA 2015, unpublished memorandum (Pa. Super. filed August 28, 2015).

On November 12, 2015, Appellant filed his first PCRA petition. Counsel was appointed and filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super 1988) (*en banc*). On September 30, 2016, the PCRA court granted counsel's petition to withdraw. On November 2, 2016, Appellant filed a *pro se* amended PCRA petition. On March 9, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition. On March 30, 2017, the PCRA dismissed the petition. Appellant timely appealed.[1] Addressing the merits of the claims raised on

---

[1] In his brief accompanying Appellant's appeal from the dismissal of his first PCRA petition, Appellant raised several issues for our review. For clarity, we restated them as follows:

1. Was the trial court devoid of subject-matter jurisdiction over Appellant's criminal proceedings due to the Commonwealth's failure to file a valid bill of information?

2. Was Appellant's guilty plea knowing, intelligent, and voluntary where trial counsel failed to advise Appellant of the jurisdictional defect?

*(Footnote Continued Next Page)*

appeal, we affirmed the PCRA court's order dismissing Appellant's first PCRA petition. *See Commonwealth v. Washington*, No. 638 MDA 2017, unpublished memorandum at *3-6 (Pa. Super. filed December 21, 2017).

On June 6, 2019, Appellant filed the instant PCRA petition. As the PCRA court explained:

> In his second PCRA petition, [Appellant] provides an eight-page recitation of allegations in support of his assertion of actual innocence and claims that "the entire judicial process afforded to [Appellant] has been unfair as he was without effective representation of counsel throughout pre-trial, plea and sentencing." PCRA Pet. at 8. [Appellant] then sets forth claims that he is eligible for relief due to constitutional violations, ineffective assistance of counsel, unlawfully induced guilty plea, illegal sentence and that the proceeding was before a tribunal without jurisdiction. While admitting that the second PCRA petition is untimely, [Appellant] alleges that several of the exceptions to jurisdiction pursuant to 42 Pa.C.S.A. § 9545 apply, including the previously unknown facts exception and the newly recognized constitutional right exception.
>
> In support of his contention that the previously unknown facts exception applies, [Appellant] asserts that the amended information was fatally defective in failing to specifically define the crime in nature and cause and fails to conform to Pa.R.Crim.P. 560(B)(5). [Appellant] further claims that he was charged in the information at count three pursuant to 18

---
*(Footnote Continued)* ───────────────

   3. Was trial counsel ineffective for failing to raise a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny?

   4. Was PCRA counsel ineffective for failing to raise trial counsel's ineffectiveness in these respects?

*Commonwealth v. Washington*, No. 638 MDA 2017, unpublished memorandum at *3 (Pa. Super. filed December 21, 2017).

- 3 -

Pa.C.S.A. § 2702(a)(4), but sentenced pursuant to 18 Pa.C.S.A. § 2702(a)(1).

In support of his claim of eligibility for the newly-recognized constitutional right exception, [Appellant] cites to the U.S. Supreme Court case of *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018) and to the Pennsylvania Supreme Court case of *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018). [Appellant] provides quotations from each of these cases indicating that the alleged newly-recognized right he is asserting seems to be a defendant's fundamental right to be the head of his own defense and a defendant's right against counsel abandonment.

Appellant proceeded to further claims of ineffective assistance of appellate counsel and PCRA counsel, unconstitutional sentence, violation of his due process rights, [the trial court]'s abuse of discretion in failing to hold an evidentiary hearing on his return of property petition, and alleging that the earlier appellate reviews [] on direct appeal and pursuant to the PCRA were unmeaningful for defects in the record. Appellant again asserted that his guilty plea was not knowing and voluntary and challenged [the trial court]'s jurisdiction for a supposed fatally deficient amended information. Appellant continued by asserting that his Rule 600 rights to a speedy trial were violated and that he was prejudiced by an interview the victim participated in with a local television station, rendering any chance of a trial before an impartial jury impossible. Finally, Appellant claimed that he was entitled to the return of his property as a matter of law and that the fines, costs, and restitution imposed should have been vacated. [Appellant] seeks [] release from custody and discharge, vacation of the fines, costs and restitution ordered at sentencing and the return of the full value of all properties taken for which he asserts a total of $9,800.00

On January 10, 2020, [the PCRA court], having determined that Appellant's petition was untimely, and that he failed to adequately plead an exception to the time bar, filed a notice of intention to dismiss the petition without a hearing. Appellant filed a response in which he again claimed that he could avail himself of the one year timeliness requirement because he was "actually innocent" and that the court should retain jurisdiction because his conviction was manifest injustice. Notably, Appellant again failed to plead an exception applicable to his

- 4 -

petition. By order dated May 15, 2020, [the PCRA] court dismissed the petition.

Appellant filed his notice of appeal on May 26, 2020. On June 5, 2020, [the PCRA court] issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

PCRA Court Opinion, 3/8/21, at 2-4 (minor editing throughout).

Appellant *pro se* filed a concise statement on June 25, 2020, which was supplemented on January 15, 2021.

Appellant's concise statement asserts thirty (30) separate alleged errors, mirroring in substantial part, his claims made in his PCRA. Notably, Appellant's concise statement does not address the issue of the dismissal of his petition, namely, that the petition is untimely and that he has failed to plead and prove any of the 42 Pa.C.S.A. § 9545 exceptions to the time bar.

*Id.* at 5.

Despite Appellant's failure to challenge in his concise statement the PCRA court's timeliness determination, the PCRA court addressed the issue in its Rule 1925(a) opinion as follows:

In his untimely second PCRA petition, Appellant recognized that his petition was untimely, but claimed that he is eligible for relief under both the previously unknown facts exception and the newly-recognized constitutional right exception. . . .

Appellant first claims that he qualifies for an exception to the time bar under the previously unknown facts exception because of a fatally defective amended information. Specifically, Appellant contends that the amended information "contained no specific fact of a crime being committed by [Appellant] that comported with the complaint." [PCRA petition, at 11].

. . . .

- 5 -

Our review of Appellant's second PCRA petition reveals nothing supporting his assertion that the facts supporting his claim were previously unknown to him. In fact, many of the claims made have been waived as they have already been raised and addressed in earlier proceedings. More importantly, the exhibits that Appellant has attached to his second PCRA petition reveal that he was both aware of, and had notice of all the facts he alleged were the basis for his assertion of the exception. Therefore, we find that the exception for previously unknown facts is not applicable in this matter and Appellant cannot overcome the time bar to his petition on such a basis.

*Id.* at 7-8 (citations omitted).

Regarding the newly-recognized constitutional right exception, the PCRA Court noted that Appellant's reliance on **McCoy** and/or **Peterson** was misplaced. Regarding **McCoy**,[2] the PCRA court noted that **McCoy** was inapplicable because

Appellant failed to provide any support that his trial counsel admitted his guilt over his objections. Nothing in the record indicates that Appellant ever instructed his trial counsel in contradiction of his open guilty plea. Appellant raised the issue on appeal to the Superior Court and the Court likewise found that "the certified record belies [Appellant's] claim that his guilty plea was in any way unknowing, unintelligent, or involuntary." **Commonwealth v. Washington**, 422 MDA 2015 at 4 (Pa. Super. Aug. 28, 2015) (unpublished memorandum). Consequently, **McCoy** is inapplicable to Appellant's case.

*Id.* at 9.

---

[2] In **McCoy**, the Supreme Court held that it is unconstitutional and a structural error, requiring no showing of prejudice, for defense counsel to concede guilt over a defendant's "intransigent and unambiguous objection" to doing so. **McCoy**, 138 S.Ct. at 1507 (I), 1511 (III).

The PCRA court also noted that even if **McCoy** announced a newly-recognized constitutional right, Appellant has failed to establish that the **McCoy** decision applied retroactively to cases on collateral review. The PCRA court noted that our Supreme Court has expressly stated that "the language 'has been held' in Section 9545(b)(1)(iii) means that a retroactivity determination must exist at the time that the petition is filed." **Id.** (citing **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 502 (Pa. 2002)). "Appellant failed to establish that the **McCoy** decision has been held to be retroactively applicable to cases on collateral review. As such, McCoy does not afford Appellant an exception to the time bar." **Id.** at 10.

Regarding **Peterson**,[3] the PCRA Court found "Appellant's assertion unsupportive of an exception to a newly-recognized constitutional right contained in **Peterson** in order to apply the exception under 42 Pa.C.S.A. § 9545(b)(1)(iii). . . . Appellant fell woefully short of pleading or proving any newly-recognized constitutional right therein." **Id.** at 11.

---

[3] In **Peterson**, our Supreme Court held that counsel's negligence *per se* in filing an untimely PCRA petition constitutes adequate grounds to permit the filing of a new PCRA petition beyond the one-year time bar pursuant to the exception in subsection 9545(b)(1)(ii).

Because Appellant failed to plead and prove the timeliness of his second PCRA petition, the PCRA court found his petition untimely. *Id.* at 12.[4]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)).

_____

[4] Appellant's judgment of sentence became final 30 days after we denied relief on direct appeal, *i.e.*, September 28, 2015; accordingly, Appellant had one year from that date to file a timely PCRA petition, *i.e.*, September 28, 2016. The instant petition, which was filed on June 6, 2019, is therefore patently untimely. Appellant does not challenge this fact. Appellant's more recent reiteration of his timeliness argument seems to focus on the applicability of two exceptions, *i.e.*, the newly-discovered fact and the newly-recognized constitutional right exceptions. As explained *infra*, neither of the claimed exceptions is applicable to the instant petition.

As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

Despite timeliness being the only ground relied upon by the PCRA court for dismissing Appellant's second petition, once again, Appellant failed to address that finding even in his appellate brief. Before us, Appellant raises five issues for our review, and none of them addresses the PCRA court's timeliness findings and conclusions. The first four issues deal with the jurisdiction of the trial court, the legality of his sentence, the validity of his guilty plea, and abandonment by counsel on direct appeal. In his last issue, Appellant argues that his second PCRA petition is timely "when the Default Standard pursuant to **Martinez v. Ryan**, 566 U.S. 1 (2012) is applied to the 1 year exception as the Appellant asserted in his final PCRA Supplement[.]" Appellant's Brief at 2 (verbatim). Appellant's brief does not make clear what is meant by this argument. Appellant states the instant petition should be considered timely

> because it is counsel's responsibility to file timely petitions in behalf of the Appellant, but here PCRA counsel has abandoned the Appellant on his first PCRA petition thereby handicapping layman and now pro se Appellant. Appellant's Direct Appeal right as requested within his PCRA petition must be reinstated nunc pro tunc due to abandonment by counsel on his first Direct Appeal along with his PCRA rights nunc pro tunc in lieu of any subsequent Denial of his Direct Appeal.
>
> On the same premises of the above default concept, Appellant's petition must be deemed timely filed under 42 Pa.C.S.A. 9545(b)(1)(iii) as the right asserted by the Appellant is a

- 9 -

constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period when Judgment became final and in this matter, retroactivity of that right may not apply on Appellant's matter by default as the Appellant has asserted violations of constitutional rights pursuant to **Peterson** *also see* **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264 (2007) and [**McCoy**] and upon reinstatement of Appellant's Direct Appeal rights, by default the new right would no longer require to be retroactive as it is now the year 2021 and the new rights that the Appellant became aware of on June 3, 2018 was decided in 2018. This pro se, Appellant was not aware of **Bennett** that was decided in 2007 and it was the PCRA counsel's responsibility to raise the issue of abandonment of the Appellant per se, his Appellate counsel pursuant to **Bennett**, which she failed to because of her abandonment of the Appellant, per se.

Appellant's Brief at 4 (verbatim).

Appellant's reliance on **Peterson** (which the PCRA court briefly addressed) and **Martinez** (which Appellant mentions for the first time in his appellate brief) to overcome the untimeliness of his second PCRA petition is misplaced.[5]

_____

[5] In his second PCRA petition, Appellant also attempts to establish timeliness through **McCoy**. The PCRA court adequately and correctly addressed the matter, *supra*, and we see no need to add any further discussion on Appellant's reliance on **McCoy**.

Reliance on **Bennett** is also misplaced. To the extent Appellant argues that the newly-discovered fact consists of him recently becoming aware of **Bennett**, we are unaware of any decision or statute that supports the proposition advanced herein by Appellant, *i.e.*, ignorance of law can be invoked as a newly-discovered 'fact' for purposes of subsection 9545(b)(1)(ii). In fact, the opposite is true. **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) ("subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA"); **see also Commonwealth v. Baroni**, 795 A.2d 1007, 1009-10 (Pa. Super. 2002) (holding discovery of standing rule of law does not constitute a fact

*(Footnote Continued Next Page)*

In **Peterson**, the Supreme Court held that PCRA counsel's ineffectiveness may constitute a newly discovered fact for purposes of the Section 9545(b)(1)(ii) timing exception "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." **Peterson**, 192 A.3d at 1130. In that case, the Supreme Court concluded PCRA "[c]ounsel's untimely filing of [the petitioner's] first PCRA petition[, just one day late,] constituted ineffectiveness *per se*, as it completely foreclosed [him] from obtaining review of the collateral claims set forth in his first PCRA petition." **Id.** at 1132.

Here, Appellant fails to recognize some basic facts. First, Appellant seems to argue that had counsel appointed in connection with his first PCRA petition not withdrawn her appearance, trial counsel's ineffectiveness could have been properly challenged. Apparently, Appellant believes that PCRA counsel's filing of a no-merit letter under **Turner**/**Finley** along with a petition to withdraw, followed by an order by the PCRA Court granting said petition, constitutes "abandonment" as defined in **Peterson**. However, Appellant provides no authority for his novel understanding of **Peterson**. Indeed, what happened here bears no resemblance whatsoever to what happened in **Peterson**. In other words, **Peterson** is easily distinguishable.

(Footnote Continued) ————————

for purposes of the newly-discovered fact exception); **Commonwealth v. Yohe**, 2019 WL 2246618, at *5 (Pa. Super. May 24, 2019) ("[L]ater-acquired knowledge of a legal principle does not constitute a newly-discovered fact").

Second, after PCRA counsel's petition to withdraw was granted, Appellant acted *pro se*. In his *pro se* appeal from the denial of his first PCRA petition, Appellant did not claim ineffective assistance of PCRA counsel or direct appeal counsel. Thus, the claim, at best, is waived.

Third, and equally important, Appellant appears to believe that he can challenge in the instant appeal determinations that were made in connection with the first PCRA petition and/or the appeal from the dismissal of his first PCRA petition. We are not aware of any way that this can be done, nor does Appellant provide any explanation or authority supporting his position.

In **Martinez**, the U.S. Supreme Court held that, where counsel is ineffective in a prior, initial state collateral review proceeding, and where the ineffectiveness caused the petitioner to procedurally default on a substantive claim, counsel's ineffectiveness "may provide cause [to excuse a] procedural default in a federal *habeas* proceeding." **Martinez**, 566 U.S. at 8 (emphasis added). A state PCRA proceeding, like the instant one, is not the same as a federal *habeas* proceeding. Second, the **Martinez** Court explicitly stated that it was not handing down a "constitutional ruling" and that it was not recognizing a new constitutional right. **Martinez**, 566 U.S. at 16-17. Thus, **Martinez** affords Appellant no relief. **See Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) ("As the [Supreme] Court made clear, **Martinez** did not recognize a new constitutional right that the [s]tates are obliged to accommodate in any specific fashion."); **Commonwealth v. Saunders**, 60

A.3d 162 (Pa. Super. 2013), *appeal denied*, 72 A.3d 603 (Pa. 2013), *cert. denied*, 571 U.S. 1144 (2014) (explaining that **Martinez** represents significant development in federal *habeas* corpus law, *but it is of no moment with respect to the PCRA's time bar*).

Because Appellant did not challenge at any point the PCRA court's conclusions that Appellant's second PCRA petition is untimely, we affirm the order of the PCRA Court dismissing Appellant's second PCRA petition. To the extent that timeliness was addressed by Appellant, for the reasons stated above, we conclude that Appellant failed to plead and prove that he met any of the claimed exceptions to the time bar of the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2021

- 13 -